THE STATE, THE CITY PUBLISHING COMPANY AND AN-
DREW McKNIGHT, PROSECUTORS, v. THE MAYOR AND
ALDERMEN OF JERSEY CITY AND THE NEW JERSEY
STAATS ZEITUNG.

1.  When a statute directs notice of facts to be published in a newspaper, the courts will presume, in the absence of any legislative intimation to the contrary, that the notice is to be given in the ordinary language of the state and in a newspaper published in the same tongue.
2.  Taxpayers of a city may lawfully, in the discretion of the court, intervene by *certiorari* to prevent the illegal expenditure of municipal funds, deficiencies in which must be made up by general taxation.

---

On *certiorari*.

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the prosecutors, *Charles D. Thompson.*

For the defendants, *James B. Vredenburgh.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up a resolution of the board of aldermen of Jersey City, designating " The New Jersey Staats Zeitung " as the newspaper wherein shall be published the names, residences and places of business contained in applications or petitions for licenses to sell liquors, under the statute approved March 17th, 1892.    This statute requires these names, &c., to be " published in one daily newspaper published " in the city.    The " Staats Zeitung " is printed in the German type and language, and the ground upon which the legality of the resolution is questioned is, that only a newspaper printed in the English tongue can lawfully be designated.

We think this ground is well taken.

When a statute directs notice to be published in a newspaper, the courts will presume, in the absence of any indication to the contrary, that the legislature designed the notice to be published in the same language as the newspaper itself. *North Baptist Church* v. *City of Orange, ante p.* 111.    They will also presume that the notice is to be given in the ordinary language of the state.    *Road in Upper Hanover,* 44 *Pa. St.* 277.

The present statute contains no express intimation as to the language in which the notice is to be given or the newspaper is to be printed.    Consequently, the presumptions mentioned arise, and require the notice to be given in English in a newspaper printed in the same tongue.

Counsel for the defendant suggests that the only object of the law is to have a newspaper designated, so that the citizens may know where to find the requisite information, if they desire to seek it.    But we think more than this was intended. The intention was to display this information where the citizens would be likely to see it in their ordinary search for

current news, even though they had no especial desire to learn these particular facts.

The resolution under review is illegal.

It is further urged that the prosecutors have no right to question its legality.

The statute requires the expense of publication to be paid out of the license fees.   These fees constitute by law municipal funds, to be devoted to specified municipal purposes.   If these funds prove deficient, the deficiency must be made up by general taxation, for the purposes are such as the municipality is bound to carry out.   Under these circumstances, taxpayers of the city may lawfully, in the discretion of the court, intervene to prevent the illegal expenditure of the funds.   The prosecutors are taxpayers.

The resolution must be set aside.