CHARLES T. BAGBY and ARTHUR D. RIVERS, trading as BAGBY & RIVERS *vs.* ARTHUR M. WALKER and JAMES R. MYERS, trading as WALKER & MYERS. SAME *vs.* SAME.

*Action upon Written contract—Breach—Waiver—Acceptance—Damages—Recoupment—Action upon Verbal Contract for Sale of lumber—Statute of Frauds (29 Car. II, ch. 3)—Time for delivery—Reasonable time—Question for Jury—Prayers and Instructions.*

A written contract was made on the 29th of January, 1891, between W. & M. and B. & R. for the sale and delivery by the former to the latter of a quantity of lumber. The time limited for filling the order was three months. The first delivery under this contract was made in the following March, and the last on November 27th, in the same year. The price of the lumber actually delivered amounted to $1,635.38, and the payments made thereon, beginning in April, and ending in August, aggregated $1,137.98, leaving an unpaid balance of $497.70. Evidence was offered tending to prove a waiver of the requirement of time mentioned in the contract, as to the delivery of the lumber. W. & M. offered evidence tending to prove that in the latter part of November, they, at the request and upon the verbal order of B. & R., cut and shipped to Baltimore other lumber in addition to that specified in the contract, at a price agreed upon between them, which lumber they offered to B. & R. in two lots in January and March, 1892, but that B. & R. refused to receive it. The lumber was cut by W. & M. at their mills in North Carolina for the purpose of filling these two orders, and was transported to Baltimore, where it was unloaded at the wharves of W. & M. from whence all of it except the two lots which B. & R. refused to take was hauled by B. & R., after being inspected by them, to their furniture factory. An action was brought by W. & M. to recover the balance due upon the contract price of the lumber

NOTE. The Statute of Frauds is considered in respect to the distinction between sales of merchandise and agreements for work and labor, with a complete review and summary of the authorities, in a note to *Flynn vs. Dougherty* ( *Cal* ) 14 *L. R. A.*, 230.

Bagby & Rivers *vs.* Walker & Myers.

sold and delivered by them to B. & R. under the contract of the 29th of January, 1891, and also to recover the difference between the contract price and the market price of the lumber claimed to have been subsequently ordered and which B. & R. refused to accept. An action was also brought by B. & R. to recover damages for a failure on the part of W. & M. to deliver the kind and quality of lumber stipulated for in the contract of January 29th, 1891, and also for a failure to deliver within the time designated in said contract, a large part of the lumber sold by them to B. & R. In said two actions, which were tried at the same time in the Court below, it was, on appeal from the action of the Court below, HELD:

1st. That mere acceptance of the lumber after the expiration of the time fixed in the agreement for its delivery was not of itself a waiver of the breach committed by the failure to deliver it according to the terms of the contract; nor did such an acceptance preclude the vendees from subsequently suing to recover the damages resulting to them by reason of the non-delivery from the time of default up to the date of acceptance; nor from recouping, when sued by the vendors, those damages against the latter's claim for the purchase money.

2nd. That if the vendees waived the requirement that the lumber should be furnished within three months, they could not subsequently found an action upon its non-performance, nor rely thereon by way of recoupment.

3rd. That there was no error in granting a prayer which made reference to the facts stated in an antecedent prayer which was rejected, such reference being wholly superfluous, and its elimination altogether in no way affecting the integrity of the instruction.

4th. That as when the verbal order of November, 1891, was given for additional lumber, it was necessary for the vendors to have the lumber cut or prepared for delivery—to put it in a condition different from what it was at the time the contract was made, that circumstance took the contract out of the operation of the *Statute of Frauds*, (29 *Car. II, ch.* 3.)

5th. That as no time was fixed in the alleged verbal contract for the delivery of the lumber, the law prescribed a reasonable time, and it was for the jury, under all the circumstances of the case, to determine what was a reasonable time; and an instruction by which the question of reasonable time in regard to said delivery

Bagby & Rivers *vs.* Walker & Myers.

was not left to the jury to determine, but was in effect decided by the Court, was erroneous.

6th. That as such instruction was erroneous, one dependent upon it, defining the measure of damages for the non-acceptance of said lumber, was also erroneous, although correct in itself as an abstract proposition.

APPEALS from the Superior Court of Baltimore City.

The cases are stated in the opinion of the Court.

*Exception.*—At the trial Walker and Myers offered five prayers, the first and fifth of which the Court (RITCHIE, J.,) rejected, and they are omitted. The second, third and fourth prayers, which are sufficiently set out in the opinion of this Court, were granted.

Bagby and Rivers offered five prayers. Their insertion is deemed unnecessary. The first and fourth prayers were rejected, and the second, third and fifth prayers were granted. Bagby and Rivers excepted to the rejection of their first and fourth prayers, and to the granting of the second, third, and fourth prayers of Walker and Myers.

In the suit instituted by Walker and Myers the jury rendered a verdict for the plaintiffs, and judgment was entered accordingly. The defendants appealed. In the suit instituted by Bagby and Rivers, the jury rendered a verdict for the plaintiffs for a sum below the jurisdiction of the Court, and a judgment of *non pros.* was entered upon the motion of the defendants. The plaintiffs appealed.

The causes were argued before BRYAN, FOWLER, ROBERTS, MCSHERRY, and BRISCOE, J.

*William S. Bryan, Jr.,* (with whom was *James Pollard,* on the brief,) for Bagby & Rivers.

Bagby & Rivers *vs.* Walker & Myers.

*Thomas Ireland Elliott,* (with whom was *Richard R. Battee,* on the brief,) for Walker and Myers.

McSHERRY, J., delivered the opinion of the Court.

The only questions involved in the two cases now before us arise on the single exception reserved to the rulings of the Superior Court of Baltimore on several prayers for instructions to the jury. There were two actions between the same parties tried at the same time in the Court below. In one, Walker and Myers, the appellees here, were plaintiffs, and the appellants were defendants; in the other Bagby and Rivers, the appellants here, were plaintiffs, and the appellees were defendants. In the first, Walker and Myers sued to recover the balance due upon the contract price of certain lumber sold and delivered by them to Bagby and Rivers; and also to recover the difference between the contract price and the market price of certain other lumber subsequently ordered, but which Bagby and Rivers refused to accept. A judgment was entered in favor of the plaintiffs. In the second case Bagby and Rivers sued to recover damages for a failure on the part of Walker and Myers to deliver the kind and quality of lumber stipulated for, and also for a failure to deliver within the time designated in the agreement a large part of the lumber sold by them to Bagby and Rivers. A judgment of *non pros.* was entered in the case.

The contract is embodied in a letter from Bagby and Rivers to Walker and Myers under date of January the twenty-ninth, 1891, and a written acceptance of the terms by Walker and Myers on the same date. The time limited for filling the order was three months. The first delivery under this written contract, about the execution of which there is no dispute, was made in the following March, and the last on November the twenty-seventh, of the same year, long after the expiration of the three

months limit.   The price of the lumber actually delivered amounted to sixteen hundred and thirty-five dollars and thirty-eight cents, and the payments made thereon, beginning in April, and ending in August, aggregated eleven hundred and thirty-seven dollars and ninety-eight cents, leaving an unpaid balance of four hundred and ninety-seven dollars and seventy cents.   There was evidence in the case tending to prove that Bagby and Rivers had waived the requirement of time mentioned in the letter of January the twenty-ninth, 1891, as to the delivery of the lumber.—Walker and Myers offered other evidence tending to prove that in the latter part of November, they, at the request and upon a verbal order of Bagby and Rivers, cut and shipped to Baltimore other lumber, in addition to that specified in the contract, at a price agreed upon between them, which lumber they offered to Bagby and Rivers in two lots in January and March, 1892, but that Bagby and Rivers refused to receive it, and that Walker and Myers lost by those refusals one hundred and seventy-nine dollars and twenty cents, that sum being the difference between the price agreed upon and the market price when the deliveries were tendered.   Bagby and Rivers denied giving the order for this additional lumber.   The lumber was cut by Walker and Myers at their mills in North Carolina, for the purpose of filling these two orders, and was transported to Baltimore, where it was unloaded on the wharves of Walker and Myers, from whence all of it, except the two lots which Bagby and Rivers refused to take, was hauled by Bagby and Rivers, after being inspected by them, to their furniture factory.

Upon these facts the Court instructed the jury at the instance of Walker and Myers that notwithstanding the mention in the letter of January, 1891, of the period of three months as the limit within which the lumber was to be furnished, still, if the jury should find that Bagby

and Rivers waived that requirement, and accepted and hauled lumber from the plaintiffs' wharves until November the twenty-seventh, 1891, then the defendants would not be entitled to recoup against the plaintiffs' claim any damages sustained by the defendants by reason of the failure of the plaintiffs to deliver the lumber within the time stipulated.   Further, that if the defendants ordered other lumber, that the plaintiffs cut it upon that order and offered it to the defendants at the usual place of delivery; that it was of the quality ordered and that the defendants refused to take it, and pay for it, then the plaintiffs would be entitled to recover damages for that refusal.   This was Walker and Myers' *third* prayer.   And finally, that under the last preceding instruction the measure of damages would be the difference between the price agreed upon and the market price in Baltimore at the dates when the lumber should have been accepted.

Mere acceptance of the lumber after the expiration of the time fixed in the agreement for its delivery was not of itself a waiver of the breach committed by the failure to deliver it according to the terms of the contract; nor did such an acceptance preclude the vendees from subsequently suing to recover the damages resulting to them by reason of the non-delivery, from the time of default up to the date of acceptance; nor from recouping, when sued by the vendors, those damages against the latter's claim for the purchase money.   *Central Trust Co., &c. vs. Arctic Ice Machine Manuf. Co.*, 77 *Md.*, 202.   The instruction does not question these principles.   It does not proceed upon the theory that acceptance after a refusal to deliver within the stipulated time is of itself, without more, equivalent to a waiver of the time for delivery, but distinctly leaves to the jury to find from the evidence in the case, whether, as an independent fact, Bagby and Rivers waived the requirement that the lumber should

be furnished within three months. If they did waive that requirement they could not subsequently found an action upon its non-performance, nor rely thereon by way of recoupment. If they condoned the breach, they cannot afterwards base a claim for damages upon it. There was evidence before the jury to the effect that Bagby and Rivers had waived the requirement of time mentioned in the letter of January the twenty-ninth, 1891, and no special exception was taken to the prayer upon the ground that there was no evidence in the cause to support it. It is a mistake to suppose that the prayer is founded upon the assumption that a mere acceptance of the lumber was tantamount to a waiver of the time for delivery, and there is nothing in the structure of the prayer at all calculated to mislead the jury to such a conclusion. There was in our opinion no error committed by the granting of it.

The two remaining instructions, given at the instance of Walker and Myers, relate to the lumber which Bagby and Rivers refused to receive. There were three objections suggested to the first of these two instructions, which is the *third* prayer of Walker and Myers, and they are first, that the instruction makes reference to the facts stated in an antecedent prayer which was rejected and which was consequently not before the jury; second, that the contract upon which it permits a recovery is void under the seventeenth section of the Statute of Frauds; and third, that no time having been named in the verbal contract for the delivery of lumber under it, a reasonable time was implied by law, and the finding of what was a reasonable time should have been left to the jury.

The first objection is not a substantial one. A reference to the facts stated in the rejected prayer was wholly superfluous. Eliminating that reference altogether in no way affected the integrity of the instruction. Its re-

maining in the instruction could not possibly have misled or confused the jury, and obviously did not prejudice or injure the appellants. The second objection, though more plausible, is not more tenable. Whilst the seventeenth section of the *Statute of Frauds*, 29 *Charles II, ch.* 3, declares all contracts for the sale of goods, wares, and merchandise for the price of ten pounds and upwards to be invalid unless part of the goods be accepted, or part of the price be paid, or something be given in earnest to bind the bargain, or some note or memorandum in writing be signed by the party to be charged, still from a very early period it has been the settled law of Maryland, where the Statute of Charles has always been in force, that when work and labor are to be bestowed by the vendor upon the article sold before it is to be delivered, the contract is not within the Statute. *Eichelberger vs. Mc-Cauley,* 5 *H. & J.,* 213; *Rentch vs. Long,* 27 *Md.,* 188. And the reason is that when work and labor are necessary to prepare an article for delivery, the work and labor to be done by the vendor form part of the consideration of the contract, and, as these are not within the Statute, the sale is not a sale of goods, wares, and merchandise within the meaning of the *seventeenth section* of 29 *Charles II, ch.* 3. Now, the proof shows that when the alleged verbal order was given shortly after November the twenty-seventh, 1891, for this additional lumber, it was necessary for Walker and Myers to have the lumber cut or prepared for delivery—to put it in a condition different from that in which it was at the time the contract was made. This circumstance took the contract out of the operation of the Statute. The third objection to the instruction is, though narrow, substantial and fatal. No time was fixed in the alleged verbal contract of November, 1891, for the delivery of the lumber under it. The law in all such instances prescribes a reasonable time. *Kriete vs.*

Bagby & Rivers *vs.* Walker & Myers.

*Myer*, 61 *Md.*, 558.  And it is for the jury under all the circumstances of the case to determine what is a reasonable time. *Buddle vs. Green*, 3 *H. & N.*, 906; *Byram vs. Gordon*, 11 *Mich.*, 531; *Pinney vs. The First Division of the St. P. and P. R. R.* 19 *Minn.*, 251; *Strange vs. Wilson*, 17 *Mich.*, 342; *Kriete vs. Myer*, 61 *Md.*, 558.  But this instruction submitted no such question to the jury. The proof showed that Walker and Myers tendered delivery of the lumber in two lots—one on January the second, and the other on March the twenty-second, 1892,—but whether these were within a reasonable time, under all the circumstances of the case, was not only not left to the jury to determine, but was in effect decided by the Court.  The instruction *assumed* that the offers to deliver were made within a reasonable time, for it left to the jury to find that the order for the lumber was given; that the lumber was cut; that it was offered to Bagby and Rivers at the usual place of delivery; that its quality was such as had been specified, and that the defendants refused to accept it, and then instructed them that upon the finding of these facts the plaintiffs were entitled to recover.  But the *time* when the offer to deliver was made, which was a necessary element of the plaintiffs' case, was entirely ignored.  Whether the offer had been made within a reasonable time or not was exclusively for the jury to say—but it was not submitted to them.  The instruction by directing a verdict for the plaintiffs upon the finding of the facts above stated, necessarily assumed that the offers to deliver had been made within a reasonable time, because unless the offers to deliver had been made within a reasonable time the plaintiffs had no right to recover at all.  But it was not within the province of the Court to assume or to decide that question, and as a consequence the instruction in which that was done was erroneous.

The remaining prayer, granted upon the request of Walker and Myers, relates to the measure of damages for the refusal of Bagby and Rivers to receive the lumber offered to them in January and March, 1892, and correctly states the law on that subject. *Pinckney vs. Dambmann*, 72 *Md.*, 183. But inasmuch as this instruction was dependent upon and a mere corollary from the preceding erroneous instruction, though correct as an abstract proposition, there was error in granting it. Had the previous instruction been right, this one would have been properly given.

The Superior Court rejected the first and fourth prayers presented by Bagby and Rivers, and these prayers raise the only other questions open for review. The fourth prayer was very properly abandoned in the argument, and we need therefore give to it no consideration.

The first prayer of Bagby and Rivers asked the Court to say to the jury that if they should find that Bagby and Rivers were induced to receive the lumber by false representations knowingly made by Walker and Myers as to its quality and condition, then Bagby and Rivers would not be bound by any inspection made by them of the lumber. We need only say, in disposing of this prayer, that there is no evidence in the record to show that Walker and Myers knowingly made any false representations as to the quality and condition of the lumber, and that therefore it would have been improper to allow the jury to speculate upon that subject, as they must have done had this prayer been granted.

It follows from the views we have expressed, that there was ‚no error committed by the Court in its rulings in the case of *Bagby and Rivers against Walker and Myers*, and its judgment of *non pros.* in that case will be affirmed. It also follows that, as there was error committed in granting the third and fourth prayers presented by Walker and Myers, the judgment in the case

of Walker and Myers against Bagby and Rivers must be reversed, and a new trial will be awarded.

> *Judgment in No. 35 reversed, with costs above and below, and new trial awarded. Judgment in No. 36 affirmed, with costs above and below.*