GEORGE HOWELL, complainant-respondent,

*v.*

WESLEY STONE and DANIEL E. DOWNEY, partners, trading as Stone & Downey, defendants-appellants.

[Argued December 2d, 1908.   Decided March 1st, 1909.]

In the case of a *bona fide* chattel mortgage the statutory affidavit of consideration (*P. L. 1902 p. 487*) should be liberally, not technically construed.

19

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell.

*Mr. Ralph W. Skinner,* for the respondent.

*Mr. George H. Large* and *Mr. Howard Carrow,* for the appellants.

The opinion of the court was delivered by

DILL, J.

The decree of the court of chancery under review set aside a chattel mortgage in favor of a subsequent judgment of the plaintiff, holding that the statutory affidavit did not, as a matter of law, state "the consideration of said mortgage." *P. L. 1902 p. 487.*

The learned vice-chancellor said:

"I wish to say, in conclusion, that I have reached this view of the case with great disinclination, for the reason that I found no aspect of fraud in the transaction.

"The making of the mortgage was an honest effort to secure an honest indebtedness, and it fails not because of any turpitude imputed to the transaction, but because of the non-compliance with a statutory requirement of considerable technicality."

Prior to the decision of this court in *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. Law. (46 Vr.) 721,* the statutory affidavit of consideration of a chattel mortgage had been construed by courts below as "a statutory requirement of considerable technicality," but in that case we squarely rejected that doctrine, holding that in the absence of fraud, instruments so common in the course of commercial transactions by laymen as chattel mortgages should be sustained whenever there is an honest and substantial compliance with the statute.

An affidavit of consideration is not to be tested by the rules of pleading nor treated as a technical requirement. On the contrary, it should be the aim of courts, when the mortgage is *bona fde,* to preserve and not to destroy, and, as Sir Matthew Hale said, the court should be astute to find means to make such in-

struments effectual, according to the honest intent of the parties. *Roe* v. *Tranmarr, Willes 682.*

Applying this rule to the facts before us, we think that the conclusion at which the learned vice-chancellor below arrived, *hesitante,* was erroneous.

Briefly, as to the facts, Dr. T. E. Gurtner and his wife, Selma R. Gurtner, were the owners of a farm in Hunterdon county. The doctor bought from Stone & Downey, the defendants in this action, a quantity of farm implements and other articles, including fertilizers, which were sent to and used on or about the farm. Promissory notes to the amount of the purchases, drawn by the wife to the order of the doctor and endorsed by both, were given to Stone & Downey. These notes were, at maturity, dishonored and Stone & Downey demanded security. Thereupon the doctor and his wife gave a second mortgage on the farm for the amount of the notes, and as further security also executed the chattel mortgage in question for a like amount, reciting in the body of the chattel mortgage that it was collateral to the real estate mortgage.

The affidavit stated that the consideration of the mortgage was

"goods and chattels consisting of a great variety of goods used on or about the farm of said Selma R. Gurtner at Pattenburg, Hunterdon county, N. J., for which her promissory notes were given and upon which no payments have been made."

Discussion as to whether the notes of the wife come within the prohibition of the Married Woman's act is, from our point of view, wide of the mark.

The original purchase price of the goods was unpaid, although the debt had subsequently been put in the form of various notes, none of which had been honored.

The purpose of the parties was, by this chattel mortgage, to secure this original indebtedness. The statement that the consideration was the goods and chattels used on the farm was the fact, although technically it disregarded the various intermediary forms of written evidence of this debt which the parties had executed; it was likewise true that for the original in-

debtedness the promissory notes of the wife had been given and that they were unpaid. It was also accurate, as stated in the body of the mortgage, that the chattel mortgage was given as collateral to the real estate mortgage given to secure this same indebtedness.

The statement of the consideration was a summary of the facts rather than a detailed history of the transaction. As was said in *Strong* v. *Gaskill, 59 Atl. Rep. 339,* the affidavit stated the consideration with substantial truth and it is immaterial that it is inartificially drawn and not technically precise.

The decree appealed from is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, DILL—13.