## In re NOVELTY WEB CO.

(District Court, D. New Jersey. January 17, 1916.)

CHATTEL MORTGAGES ⬠63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

1 Comp. St. N. J. 1910, p. 463, § 4, makes chattel mortgages void as against subsequent purchasers and mortgagees in good faith, unless the mortgage is recorded and has annexed thereto an affidavit or affirmation by the holder of the mortgage stating the consideration thereof and as nearly as possible the amount due and to grow due. A chattel mortgage was dated June 17th, and an affidavit, sworn to June 20th, stated that the consideration was that the deponent had that day loaned to the mortgagor a specified sum for one year, with interest, that the mortgage was given to secure the payment thereof, and that there was due and to grow due thereon the sum specified, with interest from June 17th. The loan was in fact made by parties other than the mortgagee, to whom he

assigned the mortgage; but the money was advanced in the form of checks, which were delivered to the mortgagee and by him indorsed to the mortgagor. No money had been loaned, however, on June 20th, and there was then only an agreement to loan. The money was subsequently advanced in different amounts on June 21st, 22d, and 29th, and September 19th. *Held* that, while the statement that the loan was by the mortgagee was, strictly speaking, true, the statement that the consideration was money that day loaned was not even substantially true and the mortgage was void as to creditors as the affidavit wholly misstated the true consideration.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. &#9882;63.]

In Bankruptcy. In the matter of Novelty Web Company, bankrupt. On petition to review an .order of the referee adjudging a chattel mortgage given by the bankrupt to B. Edmund David and others to be a valid and subsisting lien upon the assets of the bankrupt, and as such entitled to .priority in payment over a claim of Edwin M. Guinzburg for rent. Order reversed.

Jay C. Guggenheimer, of New York City, for Edwin M. Guinzburg. William V. Rosenkrans, of Paterson, N. J., for chattel mortgagees.

HAIGHT, District Judge. The only question to be decided is whether the affidavit annexed to a chattel mortgage, given by the bankrupt to B. Edmund David and others, correctly sets forth the consideration of the mortgage and the amount due and to grow due thereon, as required by the New Jersey statute concerning chattel mortgages. 1 N. J. Comp. Stat. p. 463, § 4. The affidavit in question is as follows:

"The true consideration of said mortgage is as follows, to wit: That deponent [the mortgagee] *this day loaned* to the said Novelty Web Company, party of the first part hereto [the bankrupt], the sum of $3,000 for one year, with interest thereon at the rate of 6 per cent. per annum, and that this mortgage is given to secure the payment thereof and deponent further says that there is due and to grow due on said mortgage the sum of $3,000, besides lawful interest thereon from the 17th day of June, 1912."

The mortgage was dated on June 17, 1912, but the affidavit was not sworn to until June 20th. The facts found by the referee, and disclosed in the evidence, in respect to the consideration of the mortgage are briefly these: The bankrupt, being in financial difficulties, in the early part of June, 1912, placed the conduct of its business in the hands of three trustees for the benefit of its creditors. At the same time its board of directors passed a resolution directing its officers to borrow $3,000, to pay certain wage claimants and small creditors, and to execute a chattel mortgage, as security therefor, upon all of its machinery, chattels, and fixtures. The company being unable to procure the loan from other sources, the trustees agreed to make it themselves, but thought it improper to take the mortgage in their own names. Accordingly it was arranged that the original mortgagee, an employé of one of the trustees, should take the mortgage in his name. This he did, and on the same day that it was executed he assigned it to the trustees. The full amount which the mortgage was given to secure was actually advanced to and used by the bankrupt. The several trustees advanced various amounts. In each case,

according to the evidence, they respectively gave their personal checks to the original mortgagee, who thereupon indorsed the same over to the bankrupt. No money was advanced under this mortgage, however, until the 21st of June, 1912, at which time $752.33 was paid. The balance of the $3,000 was paid as follows: On June 22d, $247.67; on June 29th, $1,000; and on September 19th, $1,000.

In reality, therefore, no money was loaned to the bankrupt by the mortgagee; but the loan was made by his assignees. Yet, strictly speaking, the statement in the affidavit annexed to the mortgage, that the money was loaned by the mortgagee, was true. But the allegation of the affidavit, that the consideration of the mortgage was $3,000 *this day loaned* to the said Novelty Web Company, was not true in any aspect, because neither on the date of the mortgage nor the date that the affidavit was sworn to had any money been loaned by the mortgagee to the bankrupt. At most, there was but an agreement to loan. At least $1,000 was not actually loaned and advanced until nine days thereafter, and another $1,000 until three months thereafter. There is nothing to show that the money was even set apart for the bankrupt, but the reasonable conclusion to be drawn from the evidence is to the contrary. The above-mentioned provision of the New Jersey Chattel Mortgage Act has been uniformly construed by the courts of New Jersey to require that the affidavit of consideration, annexed to a chattel mortgage, must substantially show how the relation of creditor and debtor between the mortgagor and the mortgagee was created (Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571, affirmed Spielman v. Knowles, 50 N. J. Eq. 796, 27 Atl. 1033; Dunham v. Cramer, 63 N. J. Eq. 151, 51 Atl. 1011; Collerd v. Tully, 78 N. J. Eq. 557, 80 Atl. 491, Ann. Cas. 1912C, 78 [Ct. of E. & A.]); and also that it must be substantially true (Fletcher v. Bonnet, 51 N. J. Eq. 615, 28 Atl. 601 [Ct. of E. & A.]; Boice v. Conover, 54 N. J. Eq. 531, 35 Atl. 402; Miller v. Gourley, 65 N. J. Eq. 237, 55 Atl. 1083; Howell v. Stone & Downey, 75 N. J. Eq. 289, 292, 71 Atl. 914 [Ct. of E. & A.]). In Boice v. Conover, supra, Vice Chancellor Emery said (54 N. J. Eq. 538, 35 Atl. 405):

"Neither, as it seems to me, can the validity of the mortgage depend on the honesty of an affiant in making an affidavit which is substantially untrue."

While it has recently been held by the Court of Errors and Appeals of New Jersey that, in the absence of fraud, where there is an honest and substantial compliance with the statute, the mortgage will not be open to attack of other creditors merely because the affidavit is inartificially drawn and not technically precise (American Soda Fountain Co. v. Stolzenbach, 75 N. J. Law, 721, 68 Atl. 1078, 16 L. R. A. [N. S.] 703, 127 Am. St. Rep. 822; Howell v. Stone & Downey, supra; Simpson v. Anderson, 75 N. J. Eq. 581, 73 Atl. 493; Breit v. Solferino, 77 N. J. Law, 436, 72 Atl. 79), still I think it is clear, especially when the still later decision of that court in Collerd v. Tully, supra, is considered, that it was not intended by the decisions in those cases to lessen the rigor of the rule which had theretofore existed, that the affidavit, either alone or read in connection

with the mortgage, should truthfully and fully set forth the consideration. In all of those cases the affidavit was either "inartificially drawn and not technically precise," or contained matter which could properly be rejected as surplusage. I cannot conceive how it can be said that an affidavit, which explicitly states that the consideration was money loaned on a certain day, is merely inartificially drawn and substantially complies with the statute, when the true facts are that no money was loaned on that day, and, for that matter, a very substantial part of the consideration was not loaned until several months thereafter. Such an affidavit does not state the consideration with substantial truth; nor can the truth be ascertained by reading the mortgage and the affidavit. together. The defect does not lie in the fact that the affidavit is not technically precise, but in that it wholly misstates the true consideration.

The mortgage is therefore void. If a mortgage with such an affidavit were held valid, frauds, which the courts in most instances would be powerless to detect, could easily be perpetrated, and thus one of the salutary aims of the statute be nullified. It would not be difficult to imagine a situation such as this: One would place a chattel mortgage on his property for say $5,000, the mortgagee agreeing to loan this sum, but in reality never advancing more than a small part thereof; while such a mortgage remained of record, with an affidavit that the consideration was $5,000 loaned, creditors could thereby be hindered from proceeding to collect their debts, which they might otherwise have done, had they known that, in fact, there had been actually loaned and was due on the mortgage only a small part of the sum mentioned in the affidavit, and the balance represented merely what the mortgagee had agreed to loan.

I think, therefore, that the referee was in error in holding the David chattel mortgage to be a valid lien upon the bankrupt's property. Accordingly, the order of the referee, in so far as it sustains the validity of that mortgage, will be reversed.