## In re NOVELTY WEB CO.

## DAVID et al. v. NEWMAN et al.

(Circuit Court of Appeals, Third Circuit. October 26, 1916.)

No. 2142.

1. CHATTEL MORTGAGES ⚌63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

1 Comp. St. N. J. 1910, p. 463, § 4, makes chattel mortgages void as against subsequent purchasers and mortgagees in good faith, unless the mortgage is recorded and has annexed thereto an affidavit or affirmation by the holder of the mortgage stating the consideration thereof and as nearly as possible the amount due and to grow due thereon. A chattel mortgage was dated June 17th, and an affidavit sworn to June 20th stated that the consideration was that the deponent had that day loaned to the mortgagor a specified sum for one year, with interest, that the mortgage was given to secure the payment thereof, and that there was due and to grow due thereon the sums specified, with interest from June 17th. The loan was in fact made by parties other than the mortgagee, who held the mortgage for their benefit, and no money was loaned on June 20th, though the moneys were subsequently advanced as agreed to the amount specified. *Held* that, while a substantial compliance with the statute is sufficient, yet that merely relieves a chattel mortgage from attack because the affidavit is inartificially drawn, and not technically precise, and does not waive the command that the affidavit must state fully and plainly the consideration on which the mortgage is founded, and so the assertion of the relation of creditor and debtor between the mortgagee and the mortgagor, when none such existed, invalidated the mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ⚌63.]

2. CHATTEL MORTGAGES ⚌63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

In such case, the mortgage is invalid because of the falsity of the statement that deponent had loaned to the mortgagor a sum of money; the deponent not having then made any loan to the mortgagor, and not so doing subsequently, though the loan was made by third persons.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ⚌63.]

3. CHATTEL MORTGAGES ⚌63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

The mortgage is invalid because of the falsity of the statement that when the affidavit was made there was a sum due under the mortgage, when no loan had at that time been made.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ⚌63.]

4. CHATTEL MORTGAGES ⚌63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

As the affidavit attached to the mortgage set forth that there was to grow due on the mortgage the sum of $3,000, and it was intended thereby to cover the contemplated loan by installments, the mortgage is invalid, because the statement wholly failed to disclose the nature and to verify the truth of the consideration.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ⚌63.]

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CHATTEL MORTGAGES ⬤═⬤63—STATUTORY AFFIDAVITS—REQUISITES AND SUFFICIENCY.

    In such case, where the moneys were to be advanced by third persons, the mortgagee holding the mortgage for their benefit, the statements in the affidavit as to the debt due and to grow due were so indefinite and general as to render the mortgage invalid for noncompliance with the act.

    [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 125–135; Dec. Dig. ⬤═⬤63.]

Petition to Review and Revise an Order of the District Court of the United States for the District of New Jersey, in Bankruptcy; Thos. G. Haight, Judge.

In the matter of the Novelty Web Company, bankrupt. On petition to review and revise an order of the District Court (228 Fed. 1007) adjudging a chattel mortgage, given by the bankrupt to B. Edmund David and others, to be invalid, and not to constitute a lien on the assets of the bankrupt, entitled to priority in payment over a claim of E. M. Guinzburg for rent. Affirmed.

W. V. Rosenkrans, of Paterson, N. J., for petitioners.

Jay C. Guggenheimer, of New York City, for respondents.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. In a controversy in bankruptcy involving the allowance and precedence of claims under a chattel mortgage and for rent, the referee allowed both claims but awarded priority to the claim under the chattel mortgage. The fund being insufficient to pay both, the landlord on review by the District Court attacked the validity of the mortgage on the ground that the affidavit annexed to it did not conform to the requirements of the statute of the State of New Jersey in that behalf. The District Court, sustaining this contention, held the mortgage invalid. Its finding is before us on a petition to review and revise, presenting the single question of the validity of the mortgage based upon the sufficiency and truth of the affidavit.

The facts bearing upon the question are these: The Novelty Web Company was in financial difficulties. The creditors granted it an extension and selected three of their number as trustees to continue its business for their benefit. Funds were needed both immediately and presently to meet maturing obligations. These the trustees, with another, undertook to supply to the amount of $3,000 and to pay the same at different times and in different sums as the exigencies arose. For this loan, the company agreed to give its chattel mortgage as security, but as most of the money was to be advanced by the trustees, it was thought advisable to make the mortgage to another. So the mortgage was drawn by the company in favor of one Leo Herz, as mortgagee, who upon delivery assigned it to the claimants, and through whom in return the money was paid by the claimants to the mortgagor. Herz was a person used as a party to the mortgage merely for convenience, being neither a creditor of the company nor a partici-

pant in the proposed loan. The mortgage was dated June 17, the mortgagee's affidavit was made June 20, and the mortgage was recorded June 21, in the year 1912. On the date of Herz' affidavit stating the consideration of the mortgage, no part of the loan had been paid the mortgagor and no debt had been created either between the mortgagor and Herz or between the mortgagor and the claimants. The first instalment was paid on June 21, the day following the date of the affidavit. Others were paid on different dates, the last on September 19. The possession of the mortgaged property remained throughout with the mortgagor.

There is no question of fraud in this case, as it is conceded that the full consideration for the mortgage was subsequently advanced and was properly used in the business of the mortgagor company.

[1] The infirmity of the mortgage is found in its accompanying affidavit. The statute of New Jersey regulating the execution and registry of chattel mortgages (Compiled Statutes of New Jersey, vol. 1, page 463, § 4) declares, that every chattel mortgage "which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, * * * unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder of said mortgage, his agent, or attorney, stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon," be recorded in the proper office as directed.

This statutory requirement is similar in general purpose to like requirements of statutes of other states. With the object of preventing fraud in the pledging of chattels by mortgage and as a means of authenticating and verifying the contents of the mortgage, many states provide by statute that a chattel mortgage to be valid shall be accompanied by an affidavit made by one of the parties, either showing that the mortgage is made without intent to hinder and defraud creditors or disclosing the consideration, and indicating as nearly as possible the amount due and to grow due. The provisions, as well as the interpretation of such statutes, depend in different jurisdictions very largely upon the light in which chattel mortgages are regarded as a security. Under the policy of the law in some jurisdictions, chattel mortgage securities are condemned because of their tendency to deceive and defraud creditors, however honest the intention of the parties may be. Under such a policy, statutory requirements and judicial interpretations are correspondingly rigorous. Parker v. Morrison, 46 N. H. 280; Kennard v. Gray, 58 N. H. 51. In the development of the policy of other jurisdictions, the common use of such instruments in commercial transactions has influenced legislation to a relaxation of technical requirements and judicial decisions to liberal constructions. Howell v. Stone, 75 N. J. Eq. 289, 71 Atl. 914; American Soda Fountain Co. v. Stolzenbach, 75 N. J. Law, 721, 68 Atl. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822. In these two aspects of chattel mortgages, two rules respecting compliance with statutory requirements have grown up. One is a technical compliance with the

literal terms of the statute; the other is a substantial compliance with its requirements. The former rule prevailed in New Jersey under the statute in question, until the decisions in Howell v. Stone, supra, and American Soda Fountain Co. v. Stolzenbach, supra. Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571, affirmed Spielman v. Knowles, 50 N. J. Eq. 796, 27 Atl. 1033; Dunham v. Cramer, 63 N. J. Eq. 151, 51 Atl. 1011. Prior to those decisions, the requirement of the statute respecting the affidavit accompanying a chattel mortgage was "a statutory requirement of considerable technicality." But by those decisions that rule was rejected and the rule of substantial compliance adopted. It is upon this change in the law that the claimants under the chattel mortgage in this case base their claim to the fund in contest, maintaining that under the more liberal rule the affidavit annexed to the mortgage shows an honest and substantial compliance with the statute in stating the consideration of the mortgage.

In changing its attitude with regard to the chattel mortgage statute of the State of New Jersey, the Court of Errors and Appeals of that state certainly did not annul or dispense with any of the requirements of that statute. It simply relaxed the manner in which the original requirements should be complied with. It did nothing more than hold, that in the absence of fraud, chattel mortgages should be sustained "whenever there is an honest and substantial compliance with the statute," and that a chattel mortgage should not be open to attack merely because the affidavit is inartificially drawn and not technically precise. American Soda Fountain Co. v. Stolzenbach, supra; Howell v. Stone, supra; Simpson v. Anderson, 75 N. J. Eq. 581, 73 Atl. 493; Breit v. Solferino, 77 N. J. Law, 436, 72 Atl. 79. The original legislative purpose of the statute still maintains, which is "to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, under oath, when he made his mortgage a matter of public record, sufficiently precise and explicit to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover." Graham Button Co. v. Spielmann, supra.

The requirements of the statute are not lessened nor is its mandate weakened by the rule of substantial compliance. The command of the statute is imperative that "unless the mortgage, when recorded, is accompanied by an affidavit which states fully and plainly (completely and truthfully) the consideration on which it is founded, * * * the courts shall treat the mortgage as absolutely void as against the creditors of the mortgagor," irrespective of mistakes, bad faith and of the intention to defraud. Graham Button Co. v. Spielmann, supra; Collerd v. Tully, 78 N. J. Eq. 557, 80 Atl. 491, Ann. Cas. 1912C, 78; Fletcher v. Bonnet, 51 N. J. Eq. 615, 28 Atl. 601; Boice v. Conover, 54 N. J. Eq. 531, 35 Atl. 402.

Was the affidavit which the claimants caused to be annexed to the chattel mortgage in question, a substantial, though inartificial, compliance with the statute? The affidavit is as follows:

"Leo Herz, the mortgagee in the foregoing mortgage named, being duly sworn, on his oath says that the true consideration of said mortgage is as follows, to wit, that deponent this day loaned to the said Novelty Web Company, party of the first part hereto, the sum of Three Thousand Dollars, for one year, with interest thereon at the rate of six per centum per annum, and that this mortgage is given to secure the payment thereof, and deponent further says that there is due and to grow due on said mortgage the sum of Three Thousand Dollars, besides lawful interest thereon from the seventeenth day of June, Nineteen Hundred and Twelve."

We are of opinion that this affidavit is not in any aspect a substantial compliance with the requirements of the statute, for the following reasons:

1. The assertion of the relation of creditor and debtor between the mortgagor and mortgagee, when no such relation in fact existed, is a fault. Dunham v. Cramer, 63 N. J. Eq. 151, 157, 51 Atl. 1011.

[2] 2. The statement that the "deponent *this day* loaned" to the mortgagor the sum of $3,000 is untrue, in that neither upon that day nor upon any subsequent day did the deponent loan any sum to the mortgagor.

[3] 3. The statement that "there is due" upon the mortgage the sum of $3,000 is false, in that no mortgage consideration had passed upon the date of the affidavit, and no sum was then due to any one.

[4] 4. The statement that there is "to grow due" on the mortgage the sum of $3,000 if intended to cover the contemplated loan by instalments, wholly fails to disclose the nature and to verify the truth of the consideration to arise out of that transaction.

[5] 5. The statement of the debt "due and to grow due," considered with reference to the real transaction, is so general and indefinite, and fails so completely to disclose what was actually intended, that it plainly contravenes the fundamental purpose of the legislation. If such a statement were held to be a substantial compliance with the law, the very object of the statute would unquestionably be defeated.

The hardship which the claimants doubtless suffer in failing to obtain a valid chattel mortgage for what appears to be an unexceptionable loan, is chargeable to their own failure to do the things which the law required of them in order to obtain such a security.

The judgment below is affirmed.