### McCULLOUGH v. McCREA et al.

### In re WHITE.

(Circuit Court of Appeals, Third Circuit. February 13, 1923.)

#### No. 2880.

1. **Chattel mortgages ☞63—Substantial compliance in affidavit as to consideration and amount due sufficient in New Jersey.**

In the absence of fraud, if an affidavit under the Chattel Mortgage Act of New Jersey of 1902 (1 Comp. St. N. J. 1910, p. 463, § 4), requiring an affidavit of affirmation subscribed by the holder of a mortgage, stating the consideration of the mortgage and the amount due or to become due, truthfully states the substance of the transaction, and there is an honest and substantial compliance with the statute, the mortgage will not be set aside because the affidavit is inartificially drawn, but it is necessary that the consideration be stated, not partially, but truthfully and completely, and a substantial deviation for the truth, even though unintentionally made, will invalidate the mortgage.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Chattel mortgages ⬤⇒63—Affidavit of holder of mortgage held not compliance with statute.**

An affidavit under Chattel Mortgage Act of New Jersey of 1902 (1 Comp. St. N. J. 1910, p. 463, § 4) was insufficient, and the mortgage was void, where there was an actual bonus, deliberately and intentionally concealed; the purpose of the statute being to prevent fraud, including fraud on the creditors of the mortgagor.

Appeal from the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

In the matter of the estate of George White, bankrupt: David W. McCrea, trustee. From an order of the District Court, dismissing a petition of William McCullough to review an order of the referee, he appeals. Affirmed.

Treacy & Milton and John L. Ridley, all of Jersey City, N. J., for appellant.

Stein, Stein & Hannoch, of Newark, N. J. (Herbert J. Hannoch, of Newark, N. J., of counsel), for Commercial Investment Trust.

Pierre F. Cook, of Jersey City, N. J., for trustee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order of the District Court dismissing the petition of William McCullough to review an order of the referee in bankruptcy, setting aside and declaring invalid a chattel mortgage on the ground that the affidavit of the mortgagee did not adequately state the true consideration of the mortgage.

On October 4, 1920, George White made his promissory note in favor of William McCullough for $24,525, secured by a chattel mortgage for a like amount on machinery, furnaces, ovens, electric plant, etc., in White's machine shop. The Chattel Mortgage Act of New Jersey of 1902 (1 Comp. St. p. 463, § 4) provides that every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder of the mortgage "stating the consideration of said mortgage, and as nearly as possible the amount due and to grow due thereon, be recorded," etc. The following affidavit made by William McCullough, mortgagor, was annexed to the mortgage:

"William McCullough, of full age, being duly sworn according to law, on his oath deposes and says: That he is the holder of this mortgage; that the amount due and to grow due on said mortgage is the sum of twenty-four thousand five hundred twenty-five dollars ($24,525.00), together with interest on said sum at the rate of 6 per cent. per annum, payable monthly, from the date herein. That the consideration of said mortgage is as follows: One promissory note, in the sum of $24,525.00, which is given by George White to William McCullough, to secure for him the cash on said amount, together with interest."

---
⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On March 26, 1921, White was adjudged a bankrupt. The property covered by the chattel mortgage was thereafter sold by the trustee in bankruptcy free and clear of the lien of the mortgage under agreement that the lien, if any, of the mortgage was to attach to the proceeds of the sale. Subsequently the trustee filed a petition to have the fund realized from the sale declared to be free from the lien of the mortgage and to be part of the assets of the bankrupt estate. At the hearing on the petition, McCullough testified that he insisted that an appraisal of the mortgaged property be made at the time of the loan; that he was to pay the appraiser, who was his tenant, for making the appraisal $2,000 or $2,050, of which he paid $250 at the time the appraisal was made, and the tenant was to deduct $50 each month from his rent until the balance was paid. The appraisal was offered in evidence, but the affidavit to it was made April 6, 1921, 6 months after the mortgage was executed, and 11 days after White was adjudged a bankrupt. No credits were given on account of the rent until October 1, 1921, one year after the appraisal was made, more than 6 months after the adjudication in bankruptcy, and 14 days after the referee in bankruptcy had issued a rule on McCullough to show cause why the mortgage should not be decreed to be invalid "upon the ground that the sum of money therein purported to be secured was not wholly advanced." There appears in the journal kept by the bankrupt, under date of October 4, 1920, the day the mortgage was executed, "an entry showing 9 per cent. bonus on $22,500, William McCullough, and footing carried to show $2,025, which two sums together aggregate exactly the amount of the chattel mortgage," securing the note of $24,525.

The referee found as a fact that there was actually advanced by McCullough to White on October 4, 1920, the sum of $22,500 and that the sum of $2,025, the difference between the amount of the note secured by the mortgage and the sum advanced, was a bonus for the loan. The referee, who had the benefit of seeing the witnesses testify, said: "The testimony regarding the appraisement is, in my opinion, very unsatisfactory and unbelievable." The evidence clearly supports his findings of fact. The single question before us is whether or not the affidavit of the mortgage states the consideration of the mortgage and the amount due and to grow due thereon, as required by the Chattel Mortgage Act.

[1, 2] Until about the year 1908, the courts of New Jersey regarded the affidavit annexed to chattel mortgages as a statutory requirement of considerable technicality. Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571; Spielman v. Knowles, 50 N. J. Eq. 796, 27 Atl. 1033. But the policy of the courts changed from that of strict technical requirement to that of substantial compliance. The rule now is that, in the absence of fraud, if the affidavit truthfully states the substance of the transaction, and there is an honest and substantial compliance with the statute, the mortgage will not be set aside because the affidavit is inartificially drawn. American Soda Fountain Co. v. William F. Stolzenbach, 75 N. J. Law, 721, 68 Atl. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822; Howell v. Stone & Downey, 75 N. J. Eq. 289, 292, 71 Atl. 914; Simpson v. Anderson,

.75 N. J. Eq. 581, 73 Atl. 493; Breit v. Solferino, 77 N. J. Law, 436, .72 Atl. 79; Shupe v. Taggart, 93 N. J. Law, 123, 107 Atl. 50. It is necessary, however, that the consideration be stated in the affidavit, not partially, but truthfully and completely, and a substantial deviation from the truth, even though unintentionally made, will invalidate the mortgage. Collerd v. Tully, 78 N. J. Eq. 557, 560, 80 Atl. 491, Ann. Cas. 1912C, 78; In re Novelty Web Co., 236 Fed. 501, 149 C. C. A. .553; Shupe v. Taggart, supra.

In the case at bar the affidavit does not truthfully or completely state the consideration. This is not a question of the affidavit being inartificially drawn. The question is whether or not there was an actual bonus deliberately and intentionally concealed. The referee found that there was and we think that there is evidence which supports his conclusion. To the extent of the bonus, the affidavit was a fraud upon the creditors of the mortgagor. The purpose of the statute was to prevent fraud. When intentional concealment, bad faith, or fraud appears in an affidavit purporting to state the true consideration and the amount honestly due and to grow due on a mortgage, it is evident that the mortgage must be declared void as against the creditors of the mortgagor.

The decree of the District Court is affirmed.