## HAINES et al. v. KEATING.

### In re UNIVERSAL TOOL CO.

(Circuit Court of Appeals, Third Circuit. February 25, 1924.)

### No. 3002.

1. **Chattel mortgages ⬤⇒63—Substantial compliance with Chattel Mortgage Act sufficient in absence of fraud.**

In the absence of fraud, substantial compliance with Chattel Mortgage Act of New Jersey (1 Comp. St. N. J. 1910, p. 463, § 4), making a mortgage not accompanied by immediate delivery and followed by actual or continued possession absolutely void as against creditors, unless there is annexed thereto an affidavit or affirmation of holder or his agent, or attorney, stating the consideration and the amount due thereon, is sufficient.

2. **Chattel mortgages ⬤⇒63—Affidavit executed by vice president of mortgagor held not compliance with statute requiring affidavit of holder or his agent.**

An affidavit of mortgagor's vice president as to consideration and amount due or to become due *held* not a sufficient compliance with Chattel

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mortgage Act of New Jersey (1 Comp. St. N. J. 1910, p. 463, § 4), in the absence of a showing that he executed such affidavit as the agent of the mortgagee.

3. **Bankruptcy** ⊚⟹184(1)—**Void chattel mortgage held not effective as unrecorded assignment of book accounts.**

A void chattel mortgage *held* not to give mortgagee a lien on mortgagor's book accounts as against mortgagor's receiver on theory that it constituted an unrecorded assignment of book accounts, in view of Bankruptcy Act, § 47, as amended by Act June 25, 1910, § 8 (Comp. St. § 9631), preventing unrecorded instruments generally and secret liens from attaching as a prior lien to the disadvantage of general unsecured creditors.

4. **Corporations** ⊚⟹566(4)—**Claim for salary of officer of corporation held entitled to priority.**

Claim of officer of insolvent corporation in the hands of a receiver for services rendered during the two months before the institution of insolvency proceedings *held* entitled to priority, in view of 2 Comp. St. N. J. 1910, p. 1650, § 83, giving employees a first and prior lien upon assets thereof, for amount of wages due for services rendered within two months next preceding date when proceeding in insolvency shall be actually instituted.

Appeal from District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Proceeding by George H. Haines and Michael N. Chanalis, etc., for allowance of claims against Thomas H. Keating, receiver of the Universal Tool Company. From a decree disallowing claims, the claimants appeal. Affirmed in part and reversed in part.

Norbury C. Murray, of Newark, N. J., for appellants.

Fred J. Israel and Kessler & Kessler, all of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. [1, 2] This is an appeal from a decree of the District Court, declaring a chattel mortgage between the Universal Tool Company, bankrupt mortgagor, and the Union County Trust Company, mortgagee, void because the affidavit annexed to the mortgage did not comply with statutory requirements. Section 4 of the Chattel Mortgage Act of New Jersey (1 Compiled Statutes of New Jersey, p. 463) provides that every mortgage conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and followed by actual or continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor unless the mortgage has annexed thereto an affidavit or affirmation made and subscribed by the holder, his agent, or attorney, stating the consideration of the mortgage, and as nearly as possible the amount due and to grow due thereon. Until about the year 1908 the affidavit annexed to chattel mortgages in New Jersey was a statutory requirement of considerable technicality. Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 Atl. 571; In re Novelty Web Co., 236 Fed. 501, 149 C. C. A. 553; McCullough v. McCrea (C. C. A.) 287 Fed. 342. But the present rule is that, in the absence of fraud, substantial compliance only is

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

required. Hunt v. Ludwig, 93 N. J. Eq. 314, 116 Atl. 699; American Soda Fountain Co. v. Stolzenbach, 75 N. J. Law, 721, 68 Atl. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822; Shupe v. Taggart, 93 N. J. Law, 123, 107 Atl. 50; Milberg v. McCullough (C. C. A.) 292 Fed. 103. The affidavit annexed to the mortgage in question was made by the vice president of the mortgagor company. This was not a substantial compliance with the requirements of the statute. It was not a compliance at all. So far as the statutory provision is concerned, the affiant was a stranger to the transaction. It is urged that in his capacity as vice president of the mortgagor he was agent of the mortgagee company, and therefore the affidavit complied with the statute. The testimony, however, does not establish this contention. At the time the affidavit was made there was no thought by any one that he was acting in the capacity of agent for the mortgagee. A mistake was made, and, so far as its compliance with the statute goes, the affidavit is just the same as though it had not been made at all, because it was not made by any person mentioned in the statute by whose terms we are bound.

[3] It is argued that, although the instrument as a mortgage may be void, it may nevertheless be considered as an assignment, which, under the laws of New Jersey, need not be recorded, and, so considered, it gives the mortgagee a lien on the book accounts of the bankrupt mortgagor, and his claim to that extent constitutes a preference. But the mortgage was not in purpose and form an assignment, and in terms does not include book accounts. The claimant seeks to have them included under the words "all other property" which the mortgagor then had or might thereafter acquire. If it be considered an unrecorded assignment the claimant cannot prevail, because the trustee, who represents all unsecured creditors, is deemed to be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, as to all property coming into the custody of the bankruptcy court. Section 47 of the Bankruptcy Act (Comp. St. § 9631). In re Savage Baking Comany (D. C.) 259 Fed. 976, 981; Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841. It was the purpose of the amendment of 1910 to this section of the act to prevent unrecorded instruments generally and secret liens from attaching to property as a prior lien to the disadvantage of general unsecured creditors.

[4] It appears that there was due Michael N. Chanalis, secretary of the bankrupt company, two months' salary at $25 per week. This was disallowed him as a priority claim. Section 83 of the New Jersey act concerning corporations (2 Compiled Statutes of New Jersey, p. 1650) provides that, in case of insolvency of any corporation, the "laborers and workmen, and all persons doing labor or service of whatever character, in the regular employ of such corporation, shall have a first and prior lien upon the assets thereof for the amount of wages due to them respectively for all labor, work and services done, performed or rendered within two months next preceding the date when proceedings in insolvency shall be actually instituted and begun against such insolvent corporation." The statute is very explicit that labor or services of whatever character, whether as salary or wages

shall constitute a prior lien for two months before the institution of insolvency proceedings. Buvinger v. Printing Co., 72 N. J. Eq. 321, 65 Atl. 482. The preference given by this section is in derogation of the right of creditors to be paid equally. Navigation Co. v. Railroad Co., 29 N. J. Eq. 252.

The decree of the District Court, therefore, disallowing the claims based upon the validity of the mortgage as priority claims and the claim based upon the book account as a prior claim are affirmed, but that part of the decree disallowing the two months' salary of Michael N. Chanalis, secretary to the bankrupt company, is reversed; the appellants to pay two-thirds and the appellee one-third of the costs.

BUFFINGTON, Circuit Judge, took no part in the consideration or decision of this case.