----

## In re DE WITT.

District Court, W. D. Michigan, S. D. September 30, 1926.

Chattel mortgages ⟨⇒⟩63—Chattel mortgage held invalid as to subsequent creditors, where affidavit failed to recite consideration was actual, adequate, and given in good faith. (Comp. Laws Mich. 1915, § 11988, as amended by Pub. Acts Mich. 1925, No. 66).

Where affidavit attached to chattel mortgage failed to comply with Comp. Laws Mich. 1915, § 11988, as amended by Pub. Acts Mich. 1925, No. 66, requiring that mortgagor or person for him having knowledge of facts shall state that consideration was actual and adequate, and given in good faith, *held*, that chattel mortgage was a nullity, in so far as rights of subsequent creditors were concerned.

In Bankruptcy. In the matter of the bankruptcy of Simon L. De Witt. On petition for review of an order of the referee determining that a certain chattel mortgage given by bankrupt was not a valid lien as against subsequent creditors. Order affirmed.

Corwin, Norcross & Cook, of Grand Rapids, Mich., for petitioner.

Wicks, Fuller & Starr, of Grand Rapids, Mich., opposed.

RAYMOND, District Judge. This matter is before the court upon petition for review of an order of the referee in bankruptcy. The sole question presented is the validity of that portion of the referee's order whereby it is determined that a certain chat-

tel mortgage given by bankrupt to Jac. Lederer, Inc., is not, because of a defective affidavit thereto attached, a valid lien as against subsequent creditors.

It appears that on October 28, 1925, bankrupt gave to Jac. Lederer, Inc., a chattel mortgage to secure certain notes given in payment of the purchase price of fixtures sold to bankrupt. Two affidavits are attached to the chattel mortgage which are as follows:

"State of Michigan, County of Ottawa—ss.:

"Clarence A. Lokker, a notary public in and said county and state, do hereby certify that Simon De Witt, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed, and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

"Given under my hand and seal this 28th day of October, A. D. 1925.

"Clarence A. Lokker, Notary Public.

"My com. exp. Oct. 20, 1929."

"State of Illinois, County of Cook—ss.:

"I, A. M. Lederer, agent of Jac. Lederer, Inc., mortgagee, duly sworn under oath, state that the said Simon De Witt, mortgagor, is indebted to the said mortgagee in the sum of nine hundred forty-five ($945.00) dollars, and that the debt is just and owing, and is the unpaid purchase price of certain goods and chattels enumerated herein.

"A. M. Lederer, Agent for Mortgagee.

"Sworn and subscribed to before me this 28th day of October, 1925.

"Samuel Franklin Lederer.

"My comm. expires 2—28—29."

Section 11988 of the Compiled Laws of Michigan of 1915 (as amended by Act 66, Public Acts 1925) provides that no officer shall file such an instrument "unless the mortgagor named in such mortgage or conveyance intended to operate as a mortgage, or some person for him having knowledge of the facts shall, before the filing of the same, make and annex thereto an affidavit setting forth that the consideration of said instrument was actual and adequate and that the same was given in good faith for the purposes in such instrument set forth."

It is obvious that no attempt was made to comply with the provisions of the statute. The affidavits are clearly defective, in that they are not made by the mortgagor nor by any person authorized to act for him. Nor is there any recital, either in the words of the statute or in substance, that the consid-

eration was actual and adequate and that the same was given in good faith. The filing of the affidavits was a nullity so far as the rights of subsequent creditors are concerned. See People v. Burns, 161 Mich. 169, 125 N. W. 740; City Bank & Trust Co. v. Hurd, 179 Mich. 454, 146 N. W. 299.

In the case of Haines v. Keating (C. C. A.) 296 F. 896, it was held that an affidavit of mortgagor's vice president was not a sufficient compliance with the chattel mortgage act of New Jersey, in the absence of a showing that he executed such affidavit as the agent of the mortgagee; the statute in that state requiring that the affidavit shall be made by the holder or his agent. The court, in disposing of that case, used the following language:

"Until about the year 1908 the affidavit annexed to chattel mortgages in New Jersey was a statutory requirement of considerable technicality. Graham Button Co. v. Spielmann, 50 N. J. Eq. 120, 24 A. 571; In re Novelty Web Co., 236 F. 501, 149 C. C. A. 553; McCullough v. McCrea (C. C. A.) 287 F. 342. But the present rule is that, in the absence of fraud, substantial compliance only is required. Hunt v. Ludwig, 93 N. J. Eq. 314, 116 A. 699; American Soda Fountain Co. v. Stolzenbach, 75 N. J. Law, 721, 68 A. 1078, 16 L. R. A. (N. S.) 703, 127 Am. St. Rep. 822; Shupe v. Taggart, 93 N J. Law, 123, 107 A. 50; Milberg v. McCallough (C. C. A.) 292 F. 103. The affidavit annexed to the mortgage in question was made by the vice president of the mortgagor company. This was not a substantial compliance with the requirements of the statute. It was not a compliance at all. So far as the statutory provision is concerned, the affiant was a stranger to the transaction. It is urged that in his capacity as vice president of the mortgagor he was agent of the mortgagee company, and therefore the affidavit complied with the statute. The testimony, however, does not establish this contention. At the time the affidavit was made there was no thought by any one that he was acting in the capacity of agent for the mortgagee. A mistake was made, and, so far as its compliance with the statute goes, the affidavit is just the same as though it had not been made at all, because it was not made by any person mentioned in the statute by whose terms we are bound."

See, also, In re McCullough Trucking Co. (C. C. A.) 292 F. 103; In re Novelty Web Co. (D. C.) 228 F. 1007; In re Jarnol (D. C.) 283 F. 547.

An order will be entered, affirming the findings of the referee, so far as said findings relate to the effect of improper filing of the chattel mortgage in question upon the rights of subsequent creditors.