THE ORDINARY, for and on behalf of Mabel L. Simpson, complainant-respondent,

*v.*

ABIJAH A. ANDERSON, defendant-appellant.

[Argued March 16th, 1909.   Decided June 14th, 1909.]

1. The affidavit of consideration attached to a chattel mortgage stated that it was given to secure the payment of a bond and mortgage executed and delivered by the maker of the chattel mortgage to H. which H., in consideration of $1,500 paid to him by the deponent, had assigned to deponent, and that the amount due thereon was $1,500.—*Held*, to be a sufficient statement of the consideration, to comply with the statute, and that it is not necessary to set out the consideration which passed between the original parties to the bond and mortgage, the consideration of the chattel mortgage being the amount paid by the assignee.

2. The affidavit to a chattel mortgage, after stating "that the consideration of said mortgage is, whereas," proceeded to recite the facts which disclosed the consideration.—*Held*, that the word "whereas" did not make the affidavit uncertain, or destroy the positive statement that the consideration was as thereafter set out.

On appeal from an order of the court of chancery advised by Vice-Chancellor Walker.

*Mr. John Sykes,* for the appellant.

*Mr. John S. Van Dike,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

The complainant, a judgment creditor of Josiah B. Flock, filed his bill of complaint praying that a chattel mortgage given by Flock to the defendant be decreed void as to the judgment of the complainant.

The learned vice-chancellor adjudged that the mortgage was void as to complainant's judgment for want of a sufficient affidavit, and advised an order for injunction restraining the defendant from selling the mortgaged chattels, from which defendant appeals. The mortgage bears date August 28th, 1897, conditioned for the payment of $1,925, being the aggregate amount of certain items particularly set out in the mortgage as follows, viz.: A bond, dated March 23d, 1892, executed and delivered by Flock to one Richard H. Hendrickson, for the sum of $1,500, and interest, the payment of which was secured by a mortgage given by Flock and wife to Hendrickson, and assigned by Hendrickson to the defendant, the mortgage and assignment being duly recorded; also the sum of $344, loaned by the defendant to Flock in cash, and the amount due on three certain promissory notes "upon which the said Abijah A. Anderson has become an accommodation endorser and surety for the said Josiah B. Flock," then follows the dates and the amounts of the respective notes, two of them being payable three months after date, and the other two months after date. The record shows that the liability as endorser, had been discharged, the cash loaned repaid, and the mortgage foreclosed and mortgaged premises sold, and the proceeds of such sale applied towards the payment of the mortgage, leaving a deficiency of $976.67, which sum was all that remained unpaid of the debts

secured by the chattel mortgage, when the bill was filed in this cause.

The affidavit which the learned vice-chancellor held to be insufficient, sets out, so far as it is necessary to be here recited,

"that the consideration of said mortgage is: Whereas, the said Josiah B. Flock became indebted to one Richard H. Hendrickson in the sum of fifteen hundred dollars; * * * and whereas, the said Richard H. Hendrickson, for the consideration of fifteen hundred dollars, assigned, transferred and set over the said mortgage to Abijah A. Anderson; * * * and whereas, the said Josiah B. Flock is indebted to this deponent for the full amount of the said fifteen hundred dollars; * * * and whereas, on the thirtieth day of March, eighteen hundred and ninety-four, this deponent loaned and advanced in cash the sum of three hundred and forty-four dollars to the said Josiah B. Flock, at his special instance and request, and that the whole amount of the said three hundred and forty-four dollars, with interest thereon from the first day of April, eighteen hundred and ninety-seven, is still due and owing; * * * and whereas, this deponent has, at the special instance and request of the said Josiah B. Flock, become an accommodation endorser and surety upon three certain promissory notes, one of which bears date the twenty-second day of June, eighteen hundred and ninety-seven; * * * And now the consideration for this chattel mortgage is the said fifteen hundred dollars due from the said Josiah B. Flock to this deponent upon the said bond and mortgage, and the further sum of three hundred and forty-four dollars loaned and advanced by this deponent to the said Josiah B. Flock * * * and the further sum of money as this deponent may be called upon to pay by reason of having become an accommodation endorser upon the said three certain promissory notes hereinbefore mentioned."

The vice-chancellor held the affidavit imperfect for several reasons, the first being that it does not state the consideration passing from Hendrickson to Flock when the bond and mortgage for $1,500, afterward assigned to deponent, was executed and delivered. We think that reading the mortgage and the affidavit together, this objection cannot be sustained, and that they should be read together in order to ascertain whether there has been a compliance with the statute, was determined in this court in *Black* v. *Pidgeon, 70 N. J. Law (41 Vr.) 802.* When so read it appears that the defendant had paid $1,500 for the bond and mortgage, the payment of which the obligor was willing to further secure, and did undertake to further secure, by the chattel mortgage. The chattel mortgage was given to secure the payment of

$1,500, advanced and paid for an obligation of the mortgagor, the validity of which he did not dispute, and the real consideration of the chattel mortgage was what the defendant had paid out in relieving the debtor of his obligation to Hendrickson, and its transfer to the deponent, and not that passing between the original parties to that obligation of which the deponent would not be presumed to have had any knowledge. If it did not appear that the deponent had paid something for the assignment, a different question would arise. The learned vice-chancellor relies upon *Graham Button Co.* v. *Spielmann, 50 N. J. Eq.* (*5 Dick.*) *120*, in support of his conclusions, but in that case the affidavit stated the consideration to be "a present indebtedness of $1,500," without disclosing how the indebtedness came into existence, and presents an entirely different situation from the one under consideration, where it appears that the defendant had parted with $1,500, and taken for it an obligation which the debtor issued for that sum, the *bona fides* of which was undisputed.

The learned vice-chancellor also determined that the affidavit was insufficient, in that the language used to show the indebtedness of Flock to Hendrickson is not positive and direct, but a mere recital of facts; the truth of which was not verified, because of the use of the word "whereas," as above set out. We do not agree with this interpretation, for the word "whereas" and all that follows it is preceded by the direct and positive statement "that the consideration is" as disclosed by the recital following. In addition to this the affidavit declares, after a full statement of all the circumstances concerning the creation of the several debts, "and now the full consideration of this chattel mortgage is" the several items particularly described in the mortgage and preceding part of the affidavit. The affidavit is also condemned because it is said the promissory notes mentioned in it were not sufficiently described, and *Dunham* v. *Cramer,* |*63 N. J. Eq.* (*18 Dick.*) *151*, is cited in justification of this conclusion. There is a wide difference between that and the present case, for there the consideration stated was "for the payment of a certain promissory note dated July 8th, 1898, for the sum of $800," from which it would appear that there was nothing to distinguish the note

from any number of notes dated on that day by any number of persons for a like amount. In the case under review it clearly appears from the affidavit and mortgage that at the special instance and request of Flock, the defendant became "an accommodation endorser and surety for the said Josiah B. Flock," upon three certain promissory notes of which the dates, time to run before maturity, and amounts are given, with special reference to each note. The reasonable presumption arising from this state of facts is that the defendant endorsed the notes as surety and for the accommodation of Flock as maker, at his request, and this, we think, is sufficiently precise and explicit to afford the creditors of the mortgagor, "in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover." *Graham Button Co.* v. *Spielman, supra, 120, 122,* which is the primary object of the statute. There is no proof to sustain the charge of fraud contained in the bill of complaint, and in the absence of fraud, where there is an honest and substantial compliance with the statute, the mortgage will not be opened to attack of other creditors merely because the affidavit is inartificially drawn. *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. Law (46 Vr.) 721.*

The affidavit being a sufficient compliance with the statute, the order appealed from is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT. VREDENBURGH, VROOM, GRAY, DILL—14.