HOWARD S. SADLER

*v.*

GEORGE BANAFF et al.

[Submitted December 18th, 1915.   Determined December 18th, 1915.]

1. Where a chattel mortgage was made in good faith for cash actually loaned, a second mortgage as a substitute for the first, necessitated by reason of the mortgagor's removal to another county, is valid.

2. Where a chattel mortgage was executed as a substitute for the original mortgage, made necessary because of the mortgagor's removal to another county, the affidavit of the mortgagee, stating that the consideration was $800 in cash, loaned by the mortgagee to the mortgagor, and averring the same date and maturity as that in the affidavit of the original mortgage, but differently stating the interest, is sufficient; for, the statute not requiring more than that the consideration be stated, the affidavit need not state the renewal.

On final hearing.   On bill to set aside chattel mortgage.

*Messrs. Ott & Carr,* for the complainant.

*Messrs. Marter & Rose,* for the defendants.

LEAMING, V. C.

Complainant is a judgment creditor of defendant George Banaff, and has levied an execution on certain farming implements and farm stock owned by the judgment debtor.   By this suit complainant seeks to set aside a certain chattel mortgage which, if valid, is a prior lien to the lien of complainant's execution.

The chattel mortgage is challenged by complainant as fraudulent, and is also challenged under the claim that the affidavit of consideration, annexed to the mortgage, is insufficient.

I am satisfied that the mortgage was executed in good faith to secure the indebtedness which it purports to secure, and also

that the affidavit is sufficient to answer the requirements of our statute.

I find the following facts:

Defendant George Banaff, a farmer, borrowed money from defendant Fred Wuensch, at various times, beginning May 10th, 1912, and ending July 13th, 1914. During that period seven cash loans were made on dates and in amounts clearly established by the evidence, the aggregate amount of these loans being $825. No part of the principal of these loans has been paid. September 30th, 1914, a chattel mortgage was made by defendant George Banaff and his wife to defendant Wuensch to secure the payment of $800 of the money so borrowed. The mortgage was promptly recorded in Camden county, in which county the mortgaged chattels were at that time. The consideration of the mortgage was stated in the affidavit of the mortgagee, annexed to the mortgage, as follows:

"Eight hundred dollars in cash loaned by the mortgagee to the mortgagors, and that there is due on said mortgage the sum of eight hundred dollars, besides lawful interest thereon from the 30th day of September, 1914."

January 25th, 1915, the mortgagor moved to a farm in Gloucester county and took the mortgaged chattels to that farm. February 10th, 1915, a new chattel mortgage covering the same chattels was executed by the same mortgagors to the same mortgagee, and the old mortgage was thereupon surrendered and canceled of record and the new mortgage recorded in Gloucester county. The new mortgage is for the same amount and is on the same chattels, and is made to mature on the date the old mortgage would have matured had it not been canceled. The affidavit of consideration annexed to the new mortgage is in exactly the same language as the old one, except as to the date from which interest is due.

As I find as a fact that these mortgages were made in good faith and were for cash actually loaned by the mortgagee to the husband mortgagor, and that the new mortgage was intended by the parties to be a substitute for the old one, and was made necessary by reason of the removal of the chattels to another county, and that no part of the mortgage debt has been paid, complain-

ant's bill must be dismissed unless the affidavit annexed to the mortgage fails to meet the statutory requirements.

It is contended that the affidavit annexed to the new mortgage should have set forth the fact that it was executed as a substitute for the old one, and also that the affidavits to both mortgages should have specified the dates and amounts of the several loans which constituted the aggregate indebtedness.

While a statement in the affidavit, to the effect that the new mortgage was executed in the place of the old one, would have disclosed an appropriate detail of the transaction, I am unable to regard its omission as fatal. The statute does not require more than that the consideration shall be stated. The real consideration of the new mortgage was the indebtedness which afforded the consideration of the old one. It clearly would not have been sufficient to have merely stated in the affidavit that the consideration was the cancellation of the pre-existing mortgage on which a given amount was due. The new mortgage was in fact given to secure the indebtedness which the old mortgage had secured and no new consideration entered into the transaction when viewed as a mere substitution of securities necessitated by the removal of the chattels to another county. In this view the only criticism which can be made of the affidavit is the circumstance that it fails to state the dates and amounts of the several loans which made up the total amount of money which the mortgagee had loaned to the mortgagor. I am convinced that that cannot be regarded as a statutory requirement consistently with the principles defined in *Howell* v. *Stone, 75 N. J. Eq. 289.* There the consideration was stated as sundry goods which had been supplied by the mortgagee to the mortgagor; neither the kinds of goods, the dates when supplied, nor the amounts of the several items which went to make up the aggregate amount of the indebtedness were stated in the affidavit. The test of sufficiency there applied appears to have been whether the affidavit stated the consideration with substantial truth; the failure to state in detail the several lots of goods supplied, and the times when supplied and the price of the several lots, was not there treated as fatal to the affidavit.

I will advise a decree dismissing the bill.