CROWN COMPANY, A CORPORATION, PLAINTIFF-RESPONDENT, v. CHARLES REILLY, DEFENDANT, AND FRANK BRUNETTO, DEFENDANT-APPELLANT.

Submitted December 2, 1915—Decided February 3, 1916.

Where possession of goods was rightfully acquired, a demand for the possession is necessary to maintain an action of replevin.

---

On appeal from the East Orange District Court.

Before Justices GARRISON, TRENCHARD and BLACK.

For the respondent, *Abraham M. Herman.*

For the appellant, *Howard F. Kirk.*

The opinion of the court was delivered by

BLACK, J. This was an action of replevin originally brought in the East Orange District Court, under section 119 of the District Court act (*Pamph. L.* 1898, *p.* 603), which is identical in language with section 2 of the Replevin act. 3 *Comp. Stat., p.* 4368.

There is but a single question presented for decision in this case, viz., whether a demand was essential before commencing the action. Motions to nonsuit and to direct a verdict for the defendant were made on the ground that no demand had been made upon the defendant for possession of the goods. The court overruled the motions, holding that no demand was necessary. We think this was error. The facts on which the motions were based, as returned by the record, are: The action was brought to obtain possession of certain goods alleged to be owned by the Crown Company, the plaintiff. The plaintiff had sold to one Lucy Cuozzo the goods in question by a conditional bill of sale. Before paying for them, she abandoned the goods, on the premises of her landlord, Frank Brunetto, at No. 1 Bloomfield avenue, Montclair, New Jersey. The landlord attached the goods of Lucy Cuozzo and obtained a judgment against her for the sum of $18 for unpaid rent. The goods remained in the actual possession of the landlord, Brunetto, at No. 1 Bloomfield avenue, Montclair.

As was pointed out by Mr. Justice Depue, in the case of *Woodside* v. *Adams,* 40 *N. J. L.* 430, formerly, replevin could be maintained only when the goods and chattels were so taken as that an action of trespass *de bonis asportatis* would lie. *Bruen* v. *Ogden,* 11 *Id.* 370; 34 *Cyc.* 1353. This was the doctrine of the common law. Now, by statute, the action is also given for an unlawful detention, but replevin will not lie in all cases where goods are in another's possession. There

must be an actual conversion, or a refusal to deliver on demand before the detention becomes unlawful. *Ibid.; Veader* v. *Veader,* 87 *N: J. L.* 140. So, it was held, by the Court of Errors and Appeals, that replevin cannot be maintained by the mortgagee of personal property against the mortgagor, after default or condition broken, without demand for possession first made. *Black* v. *Pidgeon,* 70 *Id.* 802, 804. The case of *Conlen* v. *Lemmerman,* 87 *Id.* 84, does not touch the point here under discussion. The general rule to be deduced from the cases is to the effect that if the possession was rightfully acquired, a demand is ordinarily necessary to make the subsequent detention wrongful; that replevin will not lie against one who has obtained possession of the property lawfully, until a proper demand is made for the same and possession refused. Many cases can be found collected in 34 *Cyc.* 1405.

The judgment of the District Court is therefore reversed and a new trial awarded.