WILLIAM F. SHUPE, RESPONDENT, v. DONALD C. TAG-
GART, APPELLANT.

Submitted March 20, 1919—Decided May 15, 1919.

1. An affidavit annexed to a chattel mortgage in these words:
"Donald C. Taggart, the mortgagee in the foregoing mortgage
named, being duly sworn, on his oath, says that the true con-
sideration of said mortgage is as follows, viz.: Money loaned
to the said Frederick S. Taggart on November 1st, 1916, evi-
denced by a certain promissory note made by him to me, dated
November 1st, 1916, and due in one year, with interest at six per
cent. per annum, interest on which has been paid to May 1st,
1917, and deponent further says that there is due on said mort-
gage the sum of three thousand dollars besides lawful interest
thereon from the first day of May, nineteen hundred and eigh-
teen," read together, with the recitals in the body of the mort-
gage, is a sufficient compliance with the terms of the statute.
*Comp. Stat., p.* 463, ¶ 4; *Pamph. L.* 1902, *p.* 487, ¶ 4.
2. The affidavit and the recitals in the body of the mortgage should
be read together to ascertain whether there is a sufficient compli-
ance with the terms of the statute.
3. The affidavit and the recitals in the mortgage must show how
the relation of creditor and debtor arose between the mortgagor
and mortgagee, not merely what evidence has been given of the
debt, but what is the price of the debt, the cause of the indebted-
ness, how the debt came into existence, as a loan of money, and
the like.
4. In the absence of fraud, where there is an honest and substan-
tial compliance with the statute, the mortgage will not be open
to attack of other creditors, merely because the affidavit is inar-
tificially drawn.

On appeal.

Before Justices BERGEN, KALISCH and BLACK.

For the respondent, *Stein, Stein & Hannock.*

For the appellant, *Lloyd Thompson.*

The opinion of the court was delivered by

BLACK, J. The fundamental question involved in this case
is the sufficiency of the affidavit to a chattel mortgage under

the statute.   The contest is between a judgment creditor having made a levy and sale under an execution and title or right to possession under a chattel mortgage.   The case was tried by the court, resulting in a judgment in favor of the plaintiff for $500, in an action of conversion.   The trial court held that the affidavit to the chattel mortgage was insufficient under the statute.   The case, therefore, turns upon the validity of the chattel mortgage and the sufficiency of the affidavit.   The mortgage is dated April 13th, 1918.   This is the affidavit:

"Donald C. Taggart, the mortgagee in the foregoing mortgage named, being duly sworn, on his oath, says that the true consideration of said mortgage is as follows, viz.:   Money loaned to the said Frederick S. Taggart on November 1st, 1916, evidenced by a certain promissory note made by him to me, dated November 1st, 1916, and due in one year, with interest at six per cent. per annum, interest on which has been paid to May 1st, 1917, and deponent further says that there is due on said mortgage the sum of three thousand dollars besides lawful interest thereon from the first day of May, nineteen hundred and eighteen."

The mortgage recites that it is a security for "the sum of three thousand dollars, together with lawful interest thereon from the first day of May, nineteen hundred and seventeen, as evidenced by a certain promissory note made by me to the said Donald C. Taggart for three thousand dollars ($3,000), and dated November 1st, 1916, and the accrued interest." Thus, the recitals in the body of the mortgage and the affidavit identify and describe the same debt and the same person to whom the debt is due and states the debt was contracted by a loan of money.   They should be read together.

The statute provides (*Comp. Stat., p.* 463, ¶ 4; *Pamph. L.* 1902, *p.* 487, ¶ 4) that the mortgage should have annexed thereto an affidavit "stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon."

The trial court, as stated, held the affidavit insufficient and gave judgment for the plaintiff, *i. e.,* in favor of the judg-

ment creditor, on the ground that the affidavit does not state how the debt was created, or on what the consideration is founded; the body of the mortgage does not supply any further information in this regard, citing as authority the case of *Dunham* v. *Cramer*, 63 *N. J. Eq.* 151. That case is not in point; here the affidavit shows how the debt was created, viz., money loaned and who made the promissory note—both of these important facts were absent in the case above cited by the court for its decision.

We think the trial court was in error. The affidavit and the recitals in the body of the mortgage should be read together to ascertain whether there is a sufficient compliance with the terms of the statute. *Fletcher* v. *Bonnet*, 51 *N. J. Eq.* 615; *Black* v. *Pidgeon*, 70 *N. J. L.* 802. The affidavit in this case in some of the essential facts is not unlike the affidavit in the case of *Black* v. *Pidgeon, supra.* The affidavit in that case was held by the Court of Errors and Appeals to be in compliance with the terms of the statute. All the cases hold that the affidavit must on its face, or read in connection with the recitals in the mortgage to which it is annexed, show how the relation of creditor and debtor arose between the mortgagor and mortgagee, not merely what evidence has been given of the debt, but what is the price of the debt, the cause of the indebtedness, how the debt came into existence. Thus, if a loan of money, a sale of goods or lands, &c. *Ehler* v. *Turner*, 35 *N. J. Eq.* 68, 70; *Collerd* v. *Tully*, 77 *Id.* 439.

In the absence of fraud, where there is an honest and substantial compliance with the statute, the mortgage will not be open to attack of other creditors, merely because the affidavit is inartificially drawn (*Simpson* v. *Anderson*, 75 *N. J. Eq.* 581, 585; *American Soda Fountain Co.* v. *Stolzenback*, 75 *N. J. L.* 721); they should be sustained whenever there is an honest and substantial compliance with the statute—the affidavit is not to be tested by the rules of pleading nor treated as a technical requirement. *Howell* v. *Stone*, 75 *N. J. Eq.* 289.

It is argued, however (*a*), that the affidavit does not state the amount of money loaned to the mortgagor in so many words. That is true. We think, however, the only legitimate inference that can be drawn from what is stated is, that it was a loan of three thousand dollars ($3,000), besides interest from the 1st day of May, 1918. (*b*) It does not state the name of the person who loaned the money. It does state, however, that the money loaned was evidenced by a promissory note "made by him to me dated November 1st, 1916." This is sufficient. The Negotiable Instrument act (*Comp. Stat., p.* 3738, § 24; *Pamph. L.* 1902, *p.* 589, § 24) provides that every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value. All the cases cited in which the affidavit was held to be insufficient upon examination will be found to have some element absent that is present in this case. They state merely what evidence had been given of the debt, or simply the amount of the debt, as in *Ehler* v. *Turner,* 35 *N. J. Eq.* 68; *Graham Button Co.* v. *Spielmann,* 50 *Id.* 120; *S. C., Id.* 796; *Dunham* v. *Cramer,* 63 *Id.* 151; *Miller* v. *Gourley,* 65 *Id.* 237; *Collerd* v. *Tully, supra; Cross* v. *Printing Corporation,* 89 *N. J. Eq.* 378.

This point has been under discussion in many cases in our courts, in addition to those above cited; other cases will be found collected in 1 *Comp. Stat., p.* 464; 1 *N. J. Dig.* 1722, ¶ 22; 8 *N. J. Dig. Supp.* 267, ¶ 22. The sufficiency of the affidavit was under consideration in the following cases: *Bollschweiler* v. *Packer House Hotel Co.,* 83 *N. J. Eq.* 459; 84 *Id.* 502; *Sadler* v. *Banaff,* 85 *Id.* 335; *Lippincott* v. *Shivers,* 86 *Id.* 59; *affirmed, Id.* 409.

The judgment of the District Court is reversed.