ROBERT L. FITZPATRICK, trustees in bankruptcy of Alexander Infald and Philip Infald, partners, trading as Infald Bros., complainant,

*v.*

BARNARD PHILLIPS & COMPANY, INCORPORATED, a corporation, defendant.

[Decided January 14th, 1924.]

1. Where a chattel mortgage does not conform to the statutory requirements it is invalid as against the creditors of the mortgagor.

2. A trustee in bankruptcy has the right to test the validity of a chattel mortgage in this court, if he so elects, notwithstanding any concurrent jurisdiction of the bankruptcy court.

3. Where an affidavit to a chattel mortgage stated that the true consideration therefore was "for money loaned and advanced by the said company to the said P. I. and A. I., partners, trading as I. Bros., in the city of New York, divers days and times under and by virtue of a contract * * * hereto annexed, and under the guaranty of payment hereto annexed, the exact amount of said advances cannot be ascertained until the final accounting * * * but is estimated at approximately $75,000." "This mortgage is given to secure the payment of said amount after being ascertained as above stated * * *," such affidavit is in substantial compliance with the statute.

---

On pleadings and proofs.

*Mr. Abram I. Bluestein,* associated with *Mr. John W. Harding,* for the complainant.

*Mr. J. Vincent Barnitt,* associated with *Mr. William B. Gourley,* for the defendant.

LEWIS, V. C.

The defendant, Barnard Phillips & Co., Inc., held a chattel mortgage upon certain property of Alexander Infald and Philip Infald, partners, trading as Infald Bros., to secure advances made to them by the defendant, pursuant to a con-

tract between them, growing out of sales of silk in the well-known usual course of that trade. The Infalds later became bankrupt and a trustee in bankruptcy took charge. That trustee is the complainant in the present suit, and he has filed a bill to invalidate the chattel mortgage referred to, and for an accounting.

The property purporting to be covered by the chattel mortgage was sold under the direction of the bankruptcy court, in the course of administration of the bankrupts' estate, free and clear of the lien, if any existed, of the chattel mortgage, with the consent of the defendant and upon an agreement that the proceeds, less administration expenses, should be paid to the defendant, to be retained by it pending the determination of the validity of the chattel mortgage by the court of chancery. Thereupon the trustee in bankruptcy filed the present bill for the purpose indicated.

The validity of the chattel mortgage is attacked solely upon the ground that the affidavit of the mortgagee, accompanying it, does not comply with the requirements of the statute, in that it fails to truly state the consideration of the mortgage and the amount due and to grow due thereon. The trustee claims that because of the invalidity of the mortgage the defendant had no lien upon the property thus sold, and that the proceeds of the sale, now retained by the defendant under the agreement, should be paid to the trustee as assets of the bankrupts' estate. The defendant, however, contends that the affidavit is in substantial compliance with the requirements of the statute and that the chattel mortgage should, therefore, be decreed valid and that he should be permitted to retain the proceeds of the sale of the property covered by it.

If the chattel mortgage be invalid the trustee in bankruptcy has the undoubted right to have it set aside for the benefit of the creditors of the bankrupts.

It is established by a long line of decisions in this state that a chattel mortgage which does not conform to the statutory requirements is invalid as against the creditors of the mortgagor. *Graham Button Co.* v. *Spielman, 50 N. J. Eq. 120; American Soda Fountain Co.* v. *Stolzenbach, 75 N. J.*

*Law 721; Bollschweiler* v. *Parker, &c., Co., 83 N. J. Eq. 459; affirmed, 84 N. J. Eq. 502.*

And the trustee in bankruptcy, representing all the creditors, and standing in the shoes of the bankrupts, has the right to test the validity of a chattel mortgage, in this court, if he so elects, notwithstanding any concurrent jurisdiction to that end which might be exercised by the bankruptcy court, if invoked, in the administration of the bankrupts' estate. *Coll. Bank. (10th ed.) 476; A. B. Newbury Co., Inc.,* v. *Tennant, Trustee, &c., 92 N. J. Eq. 493.*

But, in my opinion, the chattel mortgage involved in the present suit should not be decreed to be invalid, because, I think that the affidavit is in substantial compliance with the provisions of the statute, and, in the absence of fraud (which is not asserted or proved in this case), is sufficient. *Breit* v. *Solferino, 77 N. J. Law, 486; Vanaman* v. *Fliehr, 75 N. J. Eq. 88; Horowitz* v. *Weidener, 31 Atl. Rep. 771; Hunt* v. *Ludwig, 93 N. J. Eq. 314; Simpson* v. *Anderson, 75 N. J. Eq. 581; Shupe* v. *Taggart, 93 N. J. Law 123; Howell* v. *Stone, 75 N. J. Eq. 289; American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. Law 721, supra.*

Section 4 of the Chattel Mortgage act (*1 Comp. Stat. 463*) provides that a chattel mortgage

"shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage having annexed thereto an affidavit or affirmation made and subscribed by the holder of said mortgage, his agent, or attorney, *stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon,* be recorded as directed;" &c.

The affidavit under attack in the instant case avers

"that the true consideration of the said mortgage is as follows: viz., for money loaned and advanced by the said company to the said Philip Infald and Alexander Infald, partners trading as Infald Bros. in the city of New York, divers days and times under and by virtue of a certain contract made by and between the said Infald Bros. and the said Barnard Phillips & Co., Inc., which contract is hereto annexed, marked 'A,' and under the guarantee of payment which is hereto annexed, marked 'B,' and A and B being true copies, the exact amount of said advances cannot be ascertained until the final

accounting between the parties as per said contracts annexed; but it is estimated that the advancement is approximately seventy-five thousand ($75,000) dollars.

"This mortgage is given to secure the payment of said amount after being ascertained as above stated in the manner and at the time above stated."

In *Graham Button Co.* v. *Spielman, 50 N. J. Eq. 120, supra,* Vice-Chancellor Van Fleet said:

"The legislative purpose in the enactment of that statute was held to be to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, under oath, when he made his mortgage a matter of public record, sufficiently precise and explicit to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover."

Testing the present affidavit by the rule thus enunciated, I am satisfied that it is sufficiently precise and explicit in stating the consideration of the mortgage and as nearly as possible the amount due and to grow due thereon, to bring it within the requirements of the statute.

It follows, therefore, that the bill should be dismissed, and I will advise a decree accordingly.