LOUIS RESNICK, PLAINTIFF-RESPONDENT, v. JEFFERSON HOLDING AND BUILDING CORPORATION, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 6, 1936—Decided November 18, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Charles J. Bodner* (*Feder & Rinzler*, of counsel).

For the plaintiff-respondent, *Aaron Heller*.

PER CURIAM.

This action was by the plaintiff in replevin against the defendant, the plaintiff claiming as mortgagee a superior right, by virtue of his chattel mortgage to the goods and chattels of the mortgagor, which were distrained for rent by the defendant, the landlord of the mortgagor.

The District Court rendered judgment in favor of the plaintiff for possession and the defendant appeals.

At the outset of the trial the defendant moved to strike out the complaint on the ground that the court had no jurisdiction because no venue was laid in the writ of replevin or state of demand. That motion was denied. Now nowhere in the writ of replevin nor in the state of demand does it appear where the goods and chattels, the subject of this replevin action, were located. It appears, therefore, that the motion should have been granted. See District Court act, section 118 (2 *Comp. Stat., p.* 1992), and *Metropolitan Credit Corp.* v. *Anderson,* 118 *Atl. Rep.* 581, and cases there cited.

The defendant-appellant also makes the point that the District Court erred in refusing to grant a nonsuit on the ground that the chattel mortgage was void because of failure to comply with section 4 of the Chattel Mortgage act (1 *Comp. Stat., p.* 463), as amended by *Pamph. L.* 1928, *ch.* 61, *p.* 131 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 211, § 36-4).

It appears that the plaintiff held two chattel mortgages. The original one was filed November 17th, 1930. It was admittedly absolutely void as against creditors of the mortgagor because of a defective affidavit, in that it failed to state the consideration of the mortgage and as nearly as possible the amount due and to grow due thereon. On June 27th, 1935, another chattel mortgage was given to the plaintiff "to correct," as recited therein, the original chattel mortgage, and was immediately recorded, and the latter mortgage contained an affidavit which, on the face, complied with the requirements of the statute.

Meanwhile, rent became due from the mortgagor to the defendant, his landlord, for the months of February to July, 1935, inclusive. The defendant levied on the chattels in question by distress warrant on July 11th, 1935, and then the plaintiff mortgagee instituted this replevin action.

The defendant urged, and now urges, that by the words of the statute the original mortgage was absolutely void as to the defendant creditor, and so likewise was the so-called "corrective" mortgage, and cites *Hunt* v. *Ludwig*, 93 *N. J. Eq.* 314; 116 *Atl. Rep.* 699; *affirmed*, 94 *N. J. Eq.* 158; 118 *Atl. Rep.* 839.

We think that ground well taken. The reason a chattel mortgagee who seeks a preference over creditors by virtue of his chattel mortgage must strictly adhere to the requirements of the statute, is expressed in *Graham Button Co.* v. *Spielmann*, 50 *N. J. Eq.* 120; 24 *Atl. Rep.* 571, where it is said that "the legislative purpose in the enactment of that statute was held to be to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, under oath, when he made his mortgage a matter of public record, sufficiently precise and explicit to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover. * * * Unless the mortgage, when recorded, is accompanied by an affidavit, which states fully and plainly the consideration upon which it is founded, the statute says that the courts shall treat the mortgage as absolutely void as against the creditors of the mortgagor."

The position in which this defendant now finds itself is a concrete example of how a creditor may be deprived of his legal rights if the contention of the plaintiff is sustained. The defendant, most likely, cannot at this late date, trace or proceed against the funds now alleged in the "corrective" mortgage to have been paid under the original mortgage, as it might have done if an opportunity had been afforded it at the time of the payment of the alleged consideration. Moreover, the defendant cannot recall the credit already extended to the mortgagor (six months rent) relying on the fact, as it

had a legal right to do, that there was no effective lien against the assets of the mortgagor. It is especially to be noted in this connection that in the case at bar the "corrective" mortgage was recorded on June 27th, 1935; that the landlord had allowed six months rent to accrue and that its distress levy was made on July 11th, 1935. In other words, only two weeks before the landlord had effectuated its levy and during the period when the tenant or chattel mortgagee most likely realized that such steps were about to be taken, the new mortgage was recorded.

It must be borne in mind that the mortgagor is still liable to the mortgagee for the consideration advanced under the chattel mortgage. If, by his own neglect, the mortgagee fails to properly comply with the statute, he should not be entitled to a preference and even get an added advantage which such neglect may give him. If this could be done, the chattel mortgagee could record a defective, ineffectual and even misleading chattel mortgage and then, after creditors had extended credit to the chattel mortgagor, relying for their payment on his apparent assets, take steps to correct the mortgage and thus defeat creditors.

The plaintiff refers us to the case of *Sadler* v. *Banaff*, 85 *N. J. Eq.* 335; 96 *Atl. Rep.* 361. But that was a case not of a correction mortgage but of a substitution mortgage, where the original mortgage was a valid mortgage, and in which case the mortgagor had removed with the chattels to another county and it became necessary to re-record another chattel mortgage in the new county.

Again the defendant-appellant says that the District Court erred in refusing to grant a nonsuit on the ground that no proper or legal demand was made by the plaintiff prior to the institution of the replevin suit.

There seems also to be merit in this point. The rule seems to be that where the possession was rightfully acquired, a demand is ordinarily necessary to make the subsequent detention wrongful, and that replevin will not lie against one who has obtained possession of the property lawfully, until a proper demand is made for the same and possession refused. *Crown Co.* v. *Reilly*, 88 *N. J. L.* 590; 96 *Atl. Rep.* 481.

In the present case the defendant acquired possession through its bailiff, by lawful distress, and it is not made to appear that a demand was made prior to the institution of the action. In this connection see the case of *Woodside* v. *Adams,* 40 *N. J. L.* 417.

On the whole case it seems that the judgment must be reversed, with costs, and such will be the order.