This matter comes before me on a motion to strike out the answer and counter-claim. *Page 247 
The bill of complaint seeks to foreclose a mortgage for the principal sum of $30,000 made March 28th, 1938, by The Butler Brewing Company. The mortgage is in the nature of a real estate and chattel mortgage covering both real and personal property. The real estate is situate in the city of New Brunswick and consists of a tract of land on which is erected a brewery. The personal property consists of the fixtures, machinery, c., installed in the brewery. The defendant, as receiver of the brewing company, filed his answer and counter-claim which admits the mortgage but argues that, as to the personal property covered thereby, it is void, for the reason that the affidavit of the mortgagee does not comply with the statute. The receiver, therefore, claims as such he holds a paramount title to the personalty, free and clear of the lien of the alleged chattel mortgage. There is no allegation of fraud. The bill alleges the complainant acquired title to the brewery and equipment by foreclosure and purchased them at the foreclosure sale. The affidavit in question reads as follows:
"State of New Jersey, County of Essex, ss. — Roy F. Duke, of full age, being duly sworn according to law, upon his oath, deposes and says that he is Vice President of Fidelity Union Trust Company, the mortgagee in the foregoing mortgage named; that the true consideration of said mortgage is as follows, viz.:
"The conveyance on March 28, 1938, to the said The Butler Brewing Company of the right, title and interest of the said Fidelity Union Trust Company of, in and to all that certain lot, tract or parcel of land, known as No. 339-345 Sanford Street, New Brunswick, N.J., more particularly described in the foregoing mortgage, together with the buildings thereon and the appurtenances thereto pertaining, together with the goods, chattels and effects set forth in Schedule A annexed hereto, for the agreed sum of $40,000, this mortgage being given to secure the payment of the sum of $30,000 of said purchase price.
"Deponent further says that there is due on said mortgage the sum of $30,000 besides lawful interest thereon from the 28th day of March, A.D. 1938."
The statute requires that the mortgagee's affidavit annexed to a chattel mortgage must "state the consideration of such mortgage and as nearly as possible the amount due and to *Page 248 
become due thereon," c. R.S. 1937, 46:28-5. There are many cases in our reports dealing with the validity of such affidavits. One of the leading recent cases is Hunt v. Ludwig,93 N.J. Eq. 314. The court in that case uses the expression "an honest and substantial compliance" referring to the statute "rather than a technical adherence, is all that is required." The court further said in the Ludwig Case, "the affidavit must truthfully state the consideration, and that a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against creditors." The court of errors and appeals laid down the rule in the case of Howell v. Stone andDowney, 75 N.J. Eq. 289, that, "in the absence of fraud, instruments so common in the course of commercial transactions by laymen as chattel mortgages should be sustained whenever there is an honest and substantial compliance with the statute. An affidavit of consideration is not to be tested by the rules of pleading nor treated as a technical requirement. On the contrary, it should be the aim of courts, when the mortgage is bona fide, to preserve and not to destroy," c. In the absence of fraud a substantial compliance has been held to be sufficient.Fitzpatrick v. Barnard Phillips Co., 95 N.J. Eq. 363. The receiver relies in his argument on the case of Boice v.Conover, 54 N.J. Eq. 531, and DeYoe v. Harper Brothers,Inc., 121 N.J. Eq. 599, as supporting his argument. In theBoice Case the mortgagee's affidavit was defective because the true consideration was overstated by $2,000. In the DeYoe Case
there was a variance in the amount set forth in the affidavit of $1,000 and $1,250, respectively. There are other cases which have held the affidavits of consideration to be defective by reason of understatements, overstatements and indefiniteness of consideration particularly in instances where the affidavit was conceived in fraud. It does not seem to me that the present case falls within this category. Defendant also refers to the case ofVanHouten v. Dainty Quality Laundry Corp., 115 N.J. Eq. 516.
The VanHouten Case does not support the contention of defendant but on the other hand reiterates the above mentioned rule of substantial compliance. *Page 249 
It is contended that the omission of the statutory requirement referred to in the case as "the amount to grow due" is fatal in this case. The amount to grow due, however, may be omitted in the affidavit when the reading of the affidavit and the mortgage together apprise one of the amount to become due thereon. SeeFletcher v. Bonnet (Court of Errors and Appeals), 51 N.J. Eq. 615.
In that case the court said:
"The second objection to the mortgage is that the affidavit does not state `as nearly as possible the amount due and to grow due' on the mortgage.
"The affidavit expressly refers to matters stated in the mortgage, and therefore these matters must be regarded as part of the affidavit. * * * So read, the affidavit distinctly indicates the times when designated sums will grow due, and that nothing was due at the date of the mortgage."
This case has been frequently cited in later opinions. SeePatrisco v. Nolan's Point Amusement Co., 10 N.J. Mis. R. 397;159 Atl. Rep. 620.
An examination of the affidavit now before me brings this case within the above mentioned rule. While it omits the statutory language it refers to the body of the mortgage wherein complete details of the transaction are found and the amount which is to grow due. See American Soda Fountain Co. v. Stolzenbach,75 N.J. Law 721. Defendant claims that at the time the title for the premises in question was closed, the mortgagee charged $10 for advance interest on the mortgage covering a period between March 28th and April 1st. He, therefore, says that the transaction was false because the $10 was not due at the time the title was closed. It seems that this fact developed at the time the receiver examined one of the officers of the complainant company. I think this is a very technical objection and cannot be given consideration in this case.
The other objections raised are without merit and may be disposed of without further comment.
The motion to strike out the answer must, therefore, prevail. *Page 250