### In re WOOLF.

#### No. 1311a.

District Court, D. New Jersey.

Dec. 22, 1941.

George K. Large, of Flemington, N. J., for the Hunterdon County Nat. Bank, petitioner.

Jacob Chantz, of Flemington, N. J., for Theodore M. Moyer, chattel mortgagee.

FORMAN, District Judge.

This case comes before this court on petition of the Hunterdon County National Bank of Flemington, N. J., judgment creditor of the above bankrupt, to review an order of the Referee in Bankruptcy sustaining the validity of a chattel mortgage executed by George Woolf and Elizabeth Woolf on December 9, 1938 to Theodore M. Moyer. The condition of the mortgage was as follows: "That if he, the said party of the First Part, shall and do well and truly pay unto the said party of the Second Part, his executors, administrators and assigns, the sum of $990.13 as is evidenced by a certain promissory note bearing even date herewith, payable one month after date at the Lafayette Trust Company, Easton, Pa. made and executed by the mortgagor herein to the mortgagee, It is understood and agreed that the said note may be renewed monthly by the payment of not less than Fifty Dollars per month together with interest on the unpaid balance, and the failure to meet any one of which installments shall accelerate the due date of this chattel mortgage, at the option of the mortgagee, When the just, true and full sum of $990.13 and interest is fully paid, then these presents shall be void". The affidavit of consideration as required by the laws of New Jersey, Revised Statutes of New Jersey, 1937, 46:28–5, N.J.S.A. 46:28–5 accompanying this chattel mortgage provides as follows: "Theodore M. Moyer the mortgagee in the foregoing mortgage named, being duly sworn, on his oath, say that the true consideration of said mortgage is as follows, viz: is evidenced by a certain promissory note this day made and executed by the mortgagor herein to deponent, representing money loaned and advanced by deponent to the mortgagor, and deponent further says that there is due on said mortgage the sum of —— besides lawful interest thereon from the ninth day of December, 1938".

The testimony adduced before the Referee in Bankruptcy discloses that the consideration for this mortgage was $300 for application to a prior chattel mortgage executed on November 9, 1934, by the bankrupt to Theodore M. Moyer, which remains uncancelled of record, and the balance consisting of cash lent by the mortgagee to the mortgagor.

On June 6, 1940, the Hunterdon County National Bank of Flemington levied on a judgment in the amount of $536.51 which it held against the bankrupt. The judgment creditor contends that the chattel mortgage is void for the following reasons:

1. The affidavit of consideration is defective because the amount due and to grow due is omitted.

2. The affidavit of consideration is defective because it does not specify that part of the consideration was a sum due on the earlier mortgage and forbearance from foreclosure of that mortgage.

3. The statement in the affidavit that the consideration "is evidenced by a * * * note * * * representing money loaned and advanced" is not a statement that the consideration is anything.

The relevant part of the statute applicable to the case at bar is as follows: "Every mortgage * * * shall be absolutely void as against the creditors of the mortgagor, * * * unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, * * * stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by * * * this title". Revised Statutes of New Jersey, 1937, 46:28–5, N.J.S.A. 46:28–5.

Although there is nothing in the affidavit annexed to the mortgage stating the consideration, the Referee found that this omission was supplied by incorporating the terms of the condition of the mortgage providing for the payment by the mortgagor of $990.13 and interest. Read together in this fashion he concluded that the affidavit was adequate.

Numerous cases hold that an affidavit of consideration may be read together with the mortgage in order to ascertain whether there has been a sufficient compliance with the statute. Fidelity Union Trust Co. v. Augelli, 125 N.J.Eq. 246, 4 A.2d 495; Abeles v. Guelick, 101 N.J.Eq. 180, 137 A. 853; Simpson v. Anderson, 75 N.J.Eq. 581, 73 A. 493; Fletcher v. Bonnet, 51 N.J.Eq. 615, 28 A. 601; Shupe v. Taggart, 93 N.J.L. 123, 107 A. 50; Black v. Pidgeon, 70 N.J.L. 802, 58 A. 372; Patrisco v. Nolan's Point Amusement Co., 159 A.

620, 10 N.J.Misc. 397. This combination is permitted when the affidavit expressly refers to the mortgage and even when the reference is impliedly made; e. g., when the affidavit refers to the "foregoing mortgage" or "said mortgage". W. & B. Douglass v. Williams, N.J.Ch., 48 A. 222; Green v. McCrane, 55 N.J.Eq. 436, 37 A. 318.

The judgment creditor herein seeks to differentiate the above cases from the instant case and confine the application of their holding to cases involving ambiguous affidavits rather than those involving incomplete ones.

■ The purpose of the statutory requirement, supra, was stated in the case of Graham Button Co. v. Spielmann, 50 N.J. Eq. 120, 122, 24 A. 571, 572, as follows: "The legislative purpose in the enactment of that statute was held to be to compel the mortgagee to commit himself to a statement or disclosure of his debt or claim, under oath, when he made his mortgage a matter of public record, sufficiently precise and explicit to afford the creditors of the mortgagor, in case fraud was suspected, a fair opportunity to ascertain, by judicial investigation or otherwise, whether the mortgage was an honest security or a mere fraudulent cover".

■ Fraud is not alleged in the case at bar, and, therefore, "slight circumstances will justify a reading of the affidavit and the mortgage as one, and the court should search diligently for a means to uphold the agreement of the parties". Patrisco v. Nolan's Point Amusement Co., 159 A. 620, 622, 11 N.J.Misc. 397, 401. The question then is whether this combination constitutes a substantial compliance with the statute. American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St.Rep. 822.

■ The condition of the mortgage discloses that the obligation of the mortgagor was to pay the sum of $990.13 plus interest evidenced by a promissory note. This alone would be insufficient because it reveals only the mortgagor's obligation and not the consideration extending from the mortgagee to the mortgagor. Collerd v. Tully, 77 N.J.Eq. 439, 77 A. 1079, affirmed 78 N.J.Eq. 557, 80 A. 491, Ann.Cas.1912C, 78; Ehler v. Turner, 35 N.J.Eq. 68. However, the affidavit states that the consideration extending from the mortgagee to the mortgagor is evidenced by a note and that such note *represents* money loaned and advanced by the mortgagee. The note referred to in the affidavit and the note referred to in the condition of the mortgage must be the same, since no claim to the contrary is asserted. We, therefore, may interpolate in the affidavit that the consideration extended by the mortgagee is a loan of $990.13.

The remaining objection is directed toward the failure of the affidavit of consideration to disclose that part of the consideration of the mortgage was a sum due on an earlier mortgage and forbearance from foreclosure of that mortgage. It appears from the affidavit and mortgage, read together, that the consideration was a loan of $990.13, but the testimony discloses that that sum was not lent at the time of the later mortgage, because a sum in the amount of approximately $300 was withheld on account of the prior mortgage. Omission of this detail of the transaction is immaterial. McKesson-Roeber-Kuebler v. Richter, 112 N.J.L. 339, 170 A. 636; Lessler v. Paterson Nat. Bank, 97 N.J.Eq. 396, 128 A. 800; Sadler v. Banaff, 85 N. J.Eq. 335, 96 A. 361. The judgment creditor herein, however, contends that in these cases the former chattel mortgage was cancelled while in the present case it was not. We agree with the Referee that this distinction is not controlling because the debt can be collected only once—"the payment of the second mortgage will satisfy the first so it would seem to make no difference whether or not the first mortgage was actually cancelled on the record".

The affidavit of consideration constitutes a substantial compliance with the statute. We, therefore, conclude that the petition to review the order of the Referee should be dismissed.