## In re BERKELEY PRESS, Inc.

### No. 793a.

District Court, D. New Jersey.

Jan. 14, 1942.

James Mango, of Newark, N. J., for petitioner.

Max L. Rosenstein, of Newark, N. J., for trustee.

SMITH, District Judge.

This matter is before the court at this time on a petition for review filed by Abe Schloss, a secured creditor, who is aggrieved by a decision of the referee in bankruptcy declaring a chattel mortgage invalid. The petitioner asserts, and the trustee controverts, the validity of the mortgage.

The laws of the State of New Jersey, and particularly the Revised Statutes, 46:28–5, N.J.S.A. 46:28–5, are determinative of the question.[1] The chattel mortgage is void, within the meaning of the statute, as against the creditors of the bankrupt (the mortgagor), unless there is "annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon."

---

[1] 46:28–5: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:28–7 of this title."

928

■ The affidavit of the mortgage in question reads as follows: "Abe Schloss the mortgagee in the foregoing mortgage named, being duly sworn on oath says that the true consideration of the said mortgage is as follows, viz: money loaned to the Berkeley Press, a New Jersey corporation, by Abe Schloss, this deponent and this deponent further says that there is due on said mortgage the sum of Two Thousand ($2,000) Dollars besides lawful interest thereon from the 11th day of May 1931." The said affidavit, although subject to criticism, meets the statutory requirements. Shupe v. Taggart, 93 N.J.L. 123, 107 A. 50.

■ The statute, which was obviously designed to prevent fraud, should not be so construed and applied as to invalidate a mortgage given in good faith to secure a debt honestly incurred. Where, as here, there is no suggestion of fraud, a substantial compliance with, rather than a technical adherence to, the statutory provisions, is all that is required. American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St.Rep. 822; Shupe v. Taggart, supra; Howell v. Stone & Downey, 75 N.J.Eq. 289, 71 A. 914; Hunt v. Ludwig et al., 93 N.J.Eq. 314, 116 A. 699, affirmed 94 N.J. Eq. 158, 118 A. 839; Fitzpatrick v. Barnard Phillips & Co., Inc., 95 N.J.Eq. 363, 123 A. 245; Abeles v. Guelick et al., 101 N.J.Eq. 180, 137 A. 853; Fidelity Union Trust Co. v. Augelli, 125 N.J.Eq. 246, 4 A.2d 495. The applicable rule of construction is succinctly stated in the case of Howell v. Stone & Downey, as follows: "Prior to the decision of this court in American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A., N.S., 703, 127 Am.St.Rep. 822, the statutory. affidavit of consideration of a chattel mortgage had been construed by courts below as 'a statutory requirement of considerable technicality,' but in that case we squarely rejected that doctrine, holding that, in the absence of fraud, instruments so common in the course of commercial transactions by laymen as chattel mortgages should be sustained whenever there is an honest and substantial compliance with the statute. An affidavit of consideration is not to be tested by the rules of pleading nor treated as a technical requirement. On the contrary, it should be the aim of courts, when the mortgage is bona fide, to preserve and not to destroy, and, as Sir Matthew Hale said, the court should be astute to find means to make such instruments effectual according to the honest intent of the parties." This rule has been followed by the courts of the State since its pronouncement by the Court of Errors and Appeals, and the differences of opinion which had theretofore appeared in the reported decisions have been eliminated.

The affidavit in question, although lacking in details, adequately recites the true consideration. The recital fully apprises intending creditors, for whose benefit the affidavit is required, of both the nature and the origin of the debt, so that they may readily inquire into the legality of the transaction. It is the opinion of this Court that nothing more may be demanded.

■ The mortgage and the annexed affidavit may be read together to ascertain whether or not there has been a compliance with the statute. Simpson v. Anderson, 75 N.J.Eq. 581, 73 A. 493; Lessler v. Paterson National Bank, 97 N.J.Eq. 396, 128 A. 800, affirmed 99 N.J.Eq. 428, 131 A. 923; Black v. Pidgeon et al., 70 N.J.L. 802, 58 A. 372; Shupe v. Taggart, Hunt v. Ludwig et al., Abeles v. Guelick et al., all supra; Patrisco v. Nolan's Point Amusement Co., 159 A. 620, 10 N.J.Misc. 397. When so read in the instant case, there is neither ambiguity nor falsity. The ambiguity, if any, arising from the phraseology of the affidavit, is clarified upon reference to the mortgage wherein the debt is identified with sufficient certainty.

The chattel mortgage is, for the reasons hereinabove expressed, valid, and therefore the order of the referee in bankruptcy heretofore entered is vacated and set aside.